# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

VICTOR BUQUERAS and JOHN
DEMER, individually and on behalf of
all others similarly situated,

　　　　　　Plaintiffs,

　　　v.

SHARECARE, INC., JEFFREY T.
ARNOLD, and JUSTIN FERRERO,

　　　　　　Defendants.

CIVIL ACTION:　　1:24-CV-2769-LMM

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT <u>FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS</u>

Dated: November 6, 2025

Jessica P. Corley
Ga. Bar No. 572733
B. Warren Pope
Ga. Bar No. 583723
Brandon R. Keel
Ga. Bar No. 300303
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

jpcorley@kslaw.com
wpope@kslaw.com
bkeel@kslaw.com

*Counsel for Defendants*

Defendant Sharecare, Inc. ("Sharecare" or the "Company") and Defendants Jeffrey T. Arnold and Justin Ferrero (collectively, the "Individual Defendants" and, together with Sharecare, "Defendants"), by their undersigned counsel, hereby answer Plaintiffs' Amended Class Action Complaint for Violation of the Securities Laws (the "AC") as follows:

Plaintiffs' AC is far from the "short and plain statement" required by Federal Rule of Civil Procedure 8(a)(2). To the contrary, the AC spans 77 pages and contains 193 paragraphs. Defendants have attempted to answer the AC within the letter and spirit of the Federal Rules of Civil Procedure. By answering the AC, Defendants do not concede that any of its allegations are proper bases of liability or foundations for discovery.

Unless otherwise indicated, the answers and defenses contained herein are on behalf of all Defendants. However, to the extent that certain allegations are specifically directed toward one or more of the Individual Defendants, those other Individual Defendants to whom the allegations are not directed, unless otherwise stated in this Answer, lack knowledge or information sufficient to form a belief as to the truth of the allegations. Moreover, to the extent that any Defendant admits any allegations, as set forth below, such admission is made subject to the following qualification: Except where the allegation specifically refers to the Defendant by

1

name, any admission by the Defendant to any allegation is made based on information and belief.

The AC contains numerous allegations purporting to characterize or partially quote statements from Sharecare's presentations, earnings calls, and public filings with the United States Securities and Exchange Commission (the "SEC"), as well as statements by third parties who are not parties to this suit. Defendants refer to the Sharecare presentations, transcripts of Sharecare earnings calls, and Sharecare's public filings with the SEC for their complete contents and deny any allegations to the extent that they mischaracterize, misquote, or are contradicted by the cited document. In accordance with Rule 8(b)(5), Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff has completely and accurately alleged the contents of the various statements by third parties to which the allegations refer. Defendants therefore refer to each such document for a statement of its complete contents and deny such allegations to the extent that they mischaracterize, misquote, or are contradicted by the cited document.

The AC contains unnumbered paragraphs and/or statements that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny all such unnumbered paragraphs and/or statements. Pursuant to Rule 8(b)(3), unless expressly admitted or otherwise addressed below, all contents of the AC,

including the allegations in the numbered paragraphs, headings, titles, charts, graphs, footnotes, preamble, the table of contents, prayer for relief, and jury demand are expressly denied.

Finally, on September 25, 2025, the Court dismissed all claims in the AC other than those challenging statements concerning the status of Sharecare's relationship with Anthem with respect to the Carelon Agreement. Defendants answer the dismissed claims and allegations only out of an abundance of caution and without prejudice to their position that those claims and allegations are no longer actionable and are no longer part of the case. To the extent Defendants answer any such allegations, Defendants do not admit that those allegations or claims remain in the case, are otherwise actionable or constitute proper subjects of or bases for discovery. Nor do Defendants concede that any of Plaintiffs' allegations are proper bases of liability or subjects of or bases for discovery.

Defendants answer the AC's separately numbered paragraphs as follows:

1. Admit that this case is a putative class action alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning the class period being between August 10, 2022, and August 8, 2023 are legally deficient, and

Plaintiffs may not pursue claims based on statements challenged during this period, or seek to represent stockholders who purchased or acquired their Sharecare stock between August 10, 2022 and August 8, 2023. As such, Defendants are not required to admit or deny allegations concerning a class period inconsistent with the Court's Order. Admit the proposed class period ranges from August 9, 2023, to March 28, 2024 in light of the Court's September 25, 2025 Order. Deny the remaining allegations in Paragraph 1.

2.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 2 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 2. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in the first sentence of Paragraph 2 appears in a transcript of Sharecare's August 10, 2022 earnings call as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the first sentence of Paragraph 2 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to the transcript of the call for its complete contents. Admit that the Individual Defendants publicly

commented on Sharecare's relationship with Anthem.  Deny the allegations in the first sentence of Paragraph 2 to the extent that they mischaracterize, misquote, or are contradicted by the Individual Defendants' public statements and refer to those statements for their complete contents.  Deny the allegations in the second sentence of Paragraph 2.  Without admitting the accuracy of the transcription, admit that the transcript of Sharecare's March 28, 2024 earnings call reflects that Sharecare stated that it had "eliminated nonperforming disputed contracts" with one of its clients, but deny the allegations in the third sentence of Paragraph 2 to the extent they mischaracterize, or are contradicted by Sharecare's statements and refer to the transcript of the call for its complete contents.  Admit that Sharecare's stock closed at a price of $0.77 on March 28, 2024, and that it closed at a price of $0.55 on April 1, 2024.  Deny the remaining allegations in Paragraph 2.

3.    Admit that Sharecare provides a comprehensive, data-driven digital health and wellness platform through a mobile and web application to employees and members through their employers and insurers.  Admit that Sharecare, through its platform, recognizes revenues on a per member per month basis or as services are provided.  Deny the remaining allegations in Paragraph 3.

4.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 4 and therefore deny the same.

Admit that Anthem could incorporate Sharecare's application into its responses to employer requests for proposals. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 4, and therefore deny the same. Without admitting the accuracy of the transcription, admit that the transcript of Sharecare's May 24, 2022 UBS Global Healthcare Conference reflects that Sharecare stated that its Sharecare+ application "is being sold to either multipayer employers through, in conjunction with Anthem because we have agreement with international accounts, we're embedded in all their RFPs." Deny the allegations in the last sentence of Paragraph 4 to the extent that they mischaracterize, misquote, or are contradicted by Sharecare's statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 4.

5.     Admit that in July 2020, doc.ai, Inc. and Anthem entered into a contract with a 5-year term for a total contract value of up to $100,000,000. Admit that on February 22, 2021, Sharecare acquired doc.ai, Inc. Admit that Sharecare stated in its November 10, 2022 8-K filing that it had signed "a multi-year strategic agreement with Carelon, the healthcare service subsidiary of Elevance Health." Deny the remaining allegations in Paragraph 5.

6.     Admit the first sentence of Paragraph 6.   Admit that Sharecare developed a version of its application called Sharecare+ that would allow employees or members the ability to speak to a human being to obtain assistance with health insurance and benefits in addition to the application's digital offerings.  Admit that Sharecare developed Sharecare+ with the support of an investment from Anthem. Admit that employees or members could access Sharecare+ advocacy features through Carelon.  Without admitting the accuracy of the transcription, admit that the quoted language in the last sentence of Paragraph 6 appears in a transcript of the August 10, 2022 earnings call as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in the last sentence of Paragraph 6 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to the transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 6.

7.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, certain allegations in the first sentence of Paragraph 7 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in the first sentence of Paragraph 7.  To the extent that a response to these allegations is required, admit that, during part of 2023, Anthem

was not making payments to Sharecare under the DocAI Agreement, but further state that in light of the parties' ongoing discussions, Sharecare believed such payments would resume. Admit that, during part of 2023, Anthem was not making payments to Sharecare under the Carelon Agreement, but further state that in light of the parties' ongoing discussions, Sharecare believed such payments would resume. Deny the remaining allegations in Paragraph 7.

8.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 8 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 8. To the extent that a response to these allegations is required, deny the allegations in Paragraph 8.

9.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 9 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 9. To the extent that a response to these allegations is required, admit that Sharecare+ is a digital first, precision advocacy solution that provides expert support from professional advocates, seamlessly layered on top of Sharecare's

flagship digital platform. Admit that Anthem employees, under an employee leasing agreement with Sharecare, fielded calls related to patient advocacy services provided under the Carelon Agreement, but further state that Sharecare supervised those Anthem employees. Deny the remaining allegations in Paragraph 9.

10.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 10 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 10. To the extent that a response to these allegations is required, the allegations in Paragraph 10 are denied, except that on Sharecare's August 10, 2022 earnings call, Defendant Jeffrey T. Arnold referred to the Carelon Agreement as Sharecare's "largest contract ever."

11.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 11 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 11. To the extent that a response to these allegations is required, deny the allegations in Paragraph 11.

12.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 12 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 12.   To the extent that a response to these allegations is required, regarding the allegations that concern the contents of a transcript of Sharecare's March 29, 2023 earnings call, Defendants state that the transcript speaks for itself, and deny the allegations in Paragraph 12 to the extent that they mischaracterize, misquote, or are contradicted by the transcript of the March 29, 2023 earnings call and refer to a transcript of the call for its complete contents. Admit that Sharecare's stock closed at a price of $2.13 on March 28, 2023, and that it closed at a price of $1.55 on March 29, 2023. Admit that the difference in closing prices for Sharecare stock on March 28, 2023, and March 29, 2023, reflects a $0.58 (27.2%) decrease.

13.     Deny the allegations in the first and second sentences of Paragraph 13. Deny that in Q2 2023 Anthem cancelled the DocAI Agreement outright and notified Sharecare that it would not pay outstanding invoices.   Admit that neither Anthem nor Sharecare made payments under the Carelon Agreement in Q2 2023, but further state that in light of the parties' ongoing discussions, Sharecare believed such

10

payments would resume.  Without admitting the accuracy of the transcription, admit that the quoted language, "meeting expectations," in the fifth sentence of Paragraph 13 appears in a transcript of Sharecare's August 9, 2023 earnings call as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in the fifth sentence of Paragraph 13 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.  Admit that the quoted language, "rolling out as expected … there haven't been surprises … what we thought would happen is happening," in the fifth sentence of Paragraph 13, as well as the quoted language in the sixth sentence of Paragraph 13, appears, with the exception of the ellipses, in a transcript of the September 13, 2023 Morgan Stanley Global Healthcare Conference as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in the fifth and sixth sentences of Paragraph 13 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the calls for their complete contents.  Deny the remaining allegations in Paragraph 13.

14.     Deny the allegations in the first and second sentences of Paragraph 14. Deny that Defendant Jeffrey T. Arnold severed the Carelon Agreement.  Without admitting the accuracy of the transcription, admit that the quoted language in the last sentence of Paragraph 14 appears in a transcript of Sharecare's November 9, 2023

earnings call as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in the last sentence of Paragraph 14 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 14.

15.    Deny the allegations in the first sentence of Paragraph 15.  Without admitting the accuracy of the transcription, admit that the transcript of Sharecare's March 28, 2024 earnings call reflects that Sharecare stated that it "eliminated nonperforming disputed contracts with a client that has historically affected our forecasting."  Deny the allegations in the second sentence of Paragraph 15 to the extent they mischaracterize, misquote, or are contradicted by Sharecare's statements and refer to a transcript of the earnings call for its complete contents.  Admit that Sharecare's stock closed at a price of $0.77 on March 28, 2024, and that it closed at a price of $0.55 on April 1, 2024.  Admit that the difference in closing prices for Sharecare stock on March 28, 2024, and April 1, 2024, reflects an approximate 28% decrease.  Deny the remaining allegations in Paragraph 15.

16.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in the first sentence of Paragraph 16 concerning the class period being between August

10, 2022, and August 8, 2023 are legally deficient, and Plaintiffs may not pursue claims based on statements challenged during this period, or seek to represent stockholders who purchased or acquired their Sharecare stock between August 10, 2022 and August 8, 2023.  As such, Defendants are not required to admit or deny allegations concerning a class period inconsistent with the Court's Order.  Deny the remaining allegations in Paragraph 16.

17.    Paragraph 17 contains legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, Defendants refer to the Securities Exchange Act of 1934 (the "Exchange Act") and the rules promulgated thereunder.  Deny the remaining allegations in Paragraph 17.

18.    Paragraph 18 contains legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, Defendants admit that this Court has subject matter jurisdiction over this action and further refer to the Exchange Act.  Deny the remaining allegations in Paragraph 18.

19.    Paragraph 19 contains legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, Defendants admit that venue is proper in this District.  Deny the remaining allegations in Paragraph 19.

20.    Paragraph 20 contains legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 20.

21.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning the class period being between August 10, 2022, and August 8, 2023 are legally deficient, and Plaintiffs may not pursue claims based on statements challenged during this period, or seek to represent stockholders who purchased or acquired their Sharecare stock between August 10, 2022 and August 8, 2023.  As such, Defendants are not required to admit or deny allegations concerning a class period inconsistent with the Court's Order.  Admit the proposed class period ranges from August 9, 2023, to March 28, 2024 in light of the Court's September 25, 2025 Order.  Lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Victor Buqueras purchased Sharecare securities during the class period consistent with the Court's Order and therefore deny the same.  Deny the remaining allegations in Paragraph 21.

22.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning the class period being between August 10, 2022, and August 8, 2023 are

14

legally deficient, and Plaintiffs may not pursue claims based on statements challenged during this period, or seek to represent stockholders who purchased or acquired their Sharecare stock between August 10, 2022 and August 8, 2023. As such, Defendants are not required to admit or deny allegations concerning a class period inconsistent with the Court's Order. Admit the proposed class period ranges from August 9, 2023, to March 28, 2024 in light of the Court's September 25, 2025 Order. Lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff John Dehmer purchased Sharecare securities during the class period consistent with the Court's Order and therefore deny the same. Deny the remaining allegations in Paragraph 22.

23.    Admit that Sharecare is incorporated in the state of Delaware. Deny that Sharecare was founded in 2010. Admit that Sharecare was traded on the National Association of Securities Dealers Automated Quotations under ticker symbol "SHCR." Deny the remaining allegations in Paragraph 23.

24.    Admit that Defendant Jeffrey T. Arnold is, and was at all relevant times, the Founder of Sharecare. Admit that Defendant Jeffrey T. Arnold was the Chief Executive Officer and Chairman of the Board of Directors of Sharecare from its founding until January 2, 2024. Deny the remaining allegations in Paragraph 24.

25.    Admit that Defendant Justin Ferrero is, and was at all relevant times, the Chief Financial Officer and President of Sharecare.  Admit that Defendant Jeffrey T. Arnold served as CEO and Chairman of HowStuffWorks.com.  Admit that Defendant Justin Ferrero served as the Executive Vice President and Chief Financial Officer of HowStuffWorks.com.  Admit that Defendant Justin Ferrero was a partner and founding member of The Convex Group, a holding company that owned HowStuffWorks until its later sale.  Deny the remaining allegations in Paragraph 25.

26.    To the extent that the allegations in Paragraph 63 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.  Deny the remaining allegations in Paragraph 26.

27.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning the class period being between August 10, 2022, and August 8, 2023 are legally deficient, and Plaintiffs may not pursue claims based on statements challenged during this period, or seek to represent stockholders who purchased or acquired their Sharecare stock between August 10, 2022 and August 8, 2023.  As such, Defendants are not required to admit or deny allegations concerning a class

period inconsistent with the Court's Order.  Admit the proposed class period ranges from August 9, 2023, to March 28, 2024 in light of the Court's September 25, 2025 Order.  Admit that Sharecare provides health and wellness-related services to employees and members through their employers and insurers.  Deny the allegations in the second sentence of Paragraph 27.  Admit that Sharecare provides a comprehensive, data-driven digital health and wellness platform through a mobile and web application.  Admit that Sharecare's platform helps members consolidate and manage various components of their health in one place, allows members to store and access health, provides members with a clinically reviewed library of content, and measures members' daily progress towards critical health factors such as sleep and steps.  Deny the remaining allegations in Paragraph 27.

28.    Admit the allegations in Paragraph 28.

29.    Admit the first sentence of Paragraph 29.  Deny the remaining allegations in Paragraph 29.

30.    Admit that Sharecare sought to develop a relationship with Anthem. Admit that Sharecare believed that a partnership between it and Anthem would be beneficial to Sharecare.  Admit that insurers respond to requests for proposals issued by employers, and insurers make proposals regarding employee benefits.  Admit that Sharecare sought to include its services as part of such proposals from time to time

17

and where Sharecare and the insurer deemed appropriate.  Deny the remaining allegations in Paragraph 30.

31.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and therefore deny the same.  Admit the allegations in the second and third sentences of Paragraph 31.  Deny the allegations in the fourth and fifth sentences of Paragraph 31.  Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in the sixth sentence of Paragraph 31 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in the sixth sentence of Paragraph 31.  To the extent that a response to these allegations is required, deny the allegations in the sixth sentence of Paragraph 31.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 31 and therefore deny the same.  Deny the remaining allegations in Paragraph 31.

32.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 32 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the

allegations in Paragraph 32. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 32 appears, with the exception of the bracketed text and the word "two," in a transcript of the May 24, 2022 UBS Global Healthcare Conference as attributable to Evan Smith, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in Paragraph 32 to the extent that they mischaracterize, misquote, or are contradicted by Evan Smith's statements and refer to the transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 32.

33.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 33 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 33. To the extent that a response to these allegations is required, admit that Sharecare had other ties to Anthem. Admit the allegations in the second and third sentences of Paragraph 33. Without admitting the accuracy of the transcription, admit that the transcript of Sharecare's August 10, 2022 earnings call reflects that Defendant Jeffrey T. Arnold stated that it "signed a memorandum of understanding for a multiyear strategic partnership with [Carelon]." Deny the

allegations in the last sentence of Paragraph 33 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 33.

34.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 34 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 34. To the extent that a response to these allegations is required, admit the allegations in the first, second, and sixth sentences of Paragraph 34. Admit that in July 2020, doc.ai, Inc. and Anthem entered into a contract with a 5-year term for a total contract value of up to $100,000,000 with an effective date of January 1, 2021. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 34 and therefore deny the same. Deny the remaining allegations in Paragraph 34.

35.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 35 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the

allegations in Paragraph 35.  To the extent that a response to these allegations is required, admit the allegations in the first and second sentences of Paragraph 35. Deny the remaining allegations in Paragraph 35.

36.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 36 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 36.  To the extent that a response to these allegations is required, then to the extent that the allegations in Paragraph 63 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.  Without admitting the accuracy of the transcription, admit that the quoted language in the third sentence of Paragraph 36 appears, with the exception of the bracketed text, in a transcript of the June 24, 2021 IPO Edge and The Palm Beach Hedge Fund Association's Fireside Chat as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in the third sentence of Paragraph 36 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T.

Arnold's statements and refer to the transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 36.

37.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 37 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 37.  To the extent that a response to these allegations is required, admit the allegations in Paragraph 37.

38.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 38 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 38.  To the extent that a response to these allegations is required, admit that Anthem invested $50 million in Sharecare.  Deny the remaining allegations in Paragraph 38.

39.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 39 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the

allegations in Paragraph 39. To the extent that a response to these allegations is required, lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 39 and therefore deny the same. Without admitting the accuracy of the transcription, Defendants further state that the transcript of Sharecare's November 10, 2022 earnings call reflects that Defendant Jeffrey T. Arnold stated that "[w]e also see a shift towards payor agnostic family and clinical advocacy among medium to large employer groups and benefits consultants." Deny the allegations in the third sentence of Paragraph 39 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to the transcript of the call for its complete contents. Admit that Sharecare developed a version of its application called Sharecare+ that would allow employees or members the ability to speak to a human being to obtain assistance with health insurance and benefits. Admit that Sharecare developed Sharecare+ based in part on the investment from Anthem. Deny the remaining allegations in Paragraph 39.

40.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 40 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the

allegations in Paragraph 40. To the extent that a response to these allegations is required, deny the allegations in Paragraph 40.

41.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 41 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 41. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 41 appears, with the exception of the emphasis and the use of words instead of numerals, in a transcript of the September 7, 2022 Wells Fargo Healthcare Conference as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to the transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 41.

42.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 42 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the

allegations in Paragraph 42. To the extent that a response to these allegations is required, without admitting the accuracy of the transcript, admit that the transcript of Sharecare's November 10, 2022 earnings call reflects that Sharecare stated that "[w]e'll have almost 900,000 members on Sharecare+ heading into 2023," which is not an actionable statement under the Court's September 25, 2025 Order. Deny the allegations in the second sentence of Paragraph 42 to the extent that they mischaracterize, misquote, misinterpret or are contradicted by Sharecare's statements and refer to the transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 42.

43.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 43 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 43. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the transcript of Sharecare's August 10, 2022 earnings call reflects that Defendant Jeffrey T. Arnold stated that it "signed a memorandum of understanding for a multiyear strategic partnership with [Carelon]." Deny the allegations in the first sentence of Paragraph 43 to the extent they mischaracterize, misquote, or are

contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.  Admit the allegations in the second and fourth sentences of Paragraph 43.  Without admitting the accuracy of the transcription, admit that the quoted language in the third sentence of Paragraph 43 appears, with the exception of the bracketed text, in a transcript of the August 11, 2022 Canaccord Growth Conference as attributable to Dawn Whaley.  Deny the allegations in the third sentence of Paragraph 43 to the extent that they mischaracterize, misquote, or are contradicted by Dawn Whaley's statement and refer to the transcript of the conference for its complete contents. Admit that Sharecare+ is a payor-agnostic advocacy solution layered on top of Sharecare's flagship digital engagement platform.  Deny the remaining allegations in Paragraph 43.

44.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 44 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 44.  To the extent that a response to these allegations is required, admit the allegations in the first sentence of Paragraph 44.  Admit that Sharecare could gain a significant number of members and employees on Sharecare+ through Carelon.  Deny the remaining allegations in Paragraph 44.

26

45. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 45 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 45. To the extent that a response to these allegations is required, deny the allegations in the first sentence of Paragraph 45. Without admitting the accuracy of the transcription, admit that the quoted language in the second and third sentences of Paragraph 45 appear, with the exception of the emphasis, in a transcript of Sharecare's August 10, 2022 earnings call as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the second and third sentences of Paragraph 45 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 45.

46. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 46 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 46. To the extent that a response to these allegations is

27

required, without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 46 appears, with the exception of the bracketed text, and the "+" character, in a transcript of Sharecare's August 10, 2022 earnings call as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in Paragraph 46 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 46.

47.     Deny the allegations in Paragraph 47.

48.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 48 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 48.  To the extent that a response to these allegations is required, deny the allegations in the first sentence of Paragraph 48.  Admit that Sharecare withdrew its 2022 revenue guidance during its August 10, 2022 earnings call.  Without admitting the accuracy of the transcription, Defendants further state that the transcript of Sharecare's August 10, 2022 earnings call reflects that Sharecare stated that it "signed a memorandum of understanding for a multiyear

strategic partnership with [Carelon]" and "[d]ue to the uncertainty and timing, we are withdrawing our previously issued guidance and will no longer be providing financial guidance for fiscal 2022," which is not an actionable statement under the Court's September 25, 2025 Order. Defendants further state that Sharecare stated in its August 10, 2022 Form 8-K filing that "[i]n light of a delayed start date for a large enterprise client, the initiation of the strategic review, changing macro-economic environment affecting life sciences, and certain cost initiatives being undertaken by the company, Sharecare is suspending financial guidance for 2022." Deny the allegations in the second, third, fourth, and fifth sentences of Paragraph 48 to the extent that they mischaracterize, misquote, or are contradicted by Sharecare's statements or the August 10, 2022 Form 8-K filing and refer to the transcript of the call and the form for their complete contents. Without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 48 appears in a transcript of Sharecare's August 10, 2022 earnings call as attributable to David Michael Larsen and Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in Paragraph 48 to the extent that they mischaracterize, misquote, or are contradicted by David Michael Larsen and Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 48.

49.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 49 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 49.  To the extent that a response to these allegations is required, deny the allegations in the first sentence of Paragraph 49.   Without admitting the accuracy of the transcription, admit that the quoted language in the second sentence of Paragraph 49 appears, with the exception of the bracketed text, in a transcript of Sharecare's March 29, 2023 earnings call as attributable to Defendant Justin Ferrero, which is not actionable under the Court's September 25, 2025 Order.   Deny the allegations in Paragraph 49 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Justin Ferrero's statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 49.

50.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 50 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 50.  To the extent that a response to these allegations is

required, without admitting the accuracy of Canaccord Genuity's reporting, admit that the quoted language in the subparagraph a. of Paragraph 50 appears, with the exception of the phrase "we note that" prior to the phrase "the reduction," in a March 29, 2023 Canaccord Genuity analyst report. Deny the allegations in subparagraph a. of Paragraph 50 to the extent that they mischaracterize, misquote, or are contradicted by the March 29, 2023 Canaccord Genuity report and refer to that report for its complete contents. Without admitting the accuracy of BTIG's reporting, admit that the quoted language in subparagraph b. of Paragraph 50 appears in a March 29, 2023 BTIG analyst report. Deny the allegations in subparagraph b. of Paragraph 50 to the extent that they mischaracterize, misquote, or are contradicted by the March 29, 2023 BTIG report and refer to that report for its complete contents. Without admitting the accuracy of Morgan Stanley's reporting, admit that the quoted language in the subparagraph c. of Paragraph 50 appears in a March 30, 2023 Morgan Stanley analyst report. Deny the allegations in subparagraph c. of Paragraph 50 to the extent that they mischaracterize, misquote, or are contradicted by the March 30, 2023 Morgan Stanley report and refer to that report for its complete contents. Deny the remaining allegations in Paragraph 50.

51.    Deny the allegations in the first sentence of Paragraph 51. Without admitting the accuracy of the transcription, admit that the quoted language in

Paragraph 51 appears, with the exception of the ellipses, in a transcript of Sharecare's August 9, 2023 earnings calls and the September 13, 2023 Morgan Stanley Global Healthcare Conference as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in Paragraph 51 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the calls for their complete contents. Deny the remaining allegations in Paragraph 51.

52. Without admitting the accuracy of the transcription, admit that the quoted language in the first sentence of Paragraph 52 appears in a transcript of Sharecare's November 9, 2023 earnings call as attributable to an unknown analyst. Admit that the quoted language in the second sentence of Paragraph 52 appears in a transcript of Sharecare's November 9, 2023 earnings call as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the first and second sentences of Paragraph 52 to the extent that they mischaracterize, misquote, or are contradicted by the unknown analyst or Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.

53.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning the class period being between August 10, 2022, and August 8, 2023 are legally deficient, and Plaintiffs may not pursue claims based on statements challenged during this period, or seek to represent stockholders who purchased or acquired their Sharecare stock between August 10, 2022 and August 8, 2023.  As such, Defendants are not required to admit or deny allegations concerning a class period inconsistent with the Court's Order.  Admit the proposed class period ranges from August 9, 2023, to March 28, 2024 in light of the Court's September 25, 2025 Order.  Deny the remaining allegations in Paragraph 53.

54.    Admit the allegations in the first sentence of Paragraph 54.  Without admitting the accuracy of the transcription, admit that the transcript of Sharecare's March 28, 2024 earnings call reflects that Sharecare stated that it "eliminated nonperforming disputed contracts with a client that has historically affected our forecasting," that this "particular client" gave it "challenges in the past in which some commitments weren't honored," and that this "impacted Q4 revenue by a reduction of approximately $14 million, which included a write-down of eliminated contracts, reducing adjusted EBITDA by approximately $6 million."  Deny the allegations in the second sentence of Paragraph 54 to the extent they mischaracterize,

misquote, or are contradicted by Sharecare's statements and refer to a transcript of the call for its complete contents. Admit that Sharecare stated in its 2023 Form 10-K that it "ceased providing patient advocacy services in accordance with the revenue contract with the Series A Preferred Stockholder." Deny the allegations in the third sentence of Paragraph 54 to the extent that they mischaracterize, misquote, or are contradicted by the 2023 Form 10-K and refer to the form for its complete contents. Admit the allegations in the last sentence of Paragraph 54. Deny the remaining allegations in Paragraph 54.

55.    Deny the allegations in the first sentence of Paragraph 55. Deny the allegations in the second sentence of Paragraph 55 that the relationship between Sharecare and Anthem had completely collapsed by October 2023, before the Q3 2023 earnings call. Without admitting the accuracy of the transcription, admit that the quoted language in the second sentence of Paragraph 55 appears in a transcript of Sharecare's November 9, 2023 earnings call as attributable to Defendant Jeffrey T. Arnold. Deny the allegations in the second sentence of Paragraph 55 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents. Admit that the quoted language in the third sentence of Paragraph 55 appears, with the exception of the emphasis, in Sharecare's 2023 Form 10-K. Deny the allegations

in the third sentence of Paragraph 55 to the extent that they mischaracterize, misquote, or are contradicted by the 2023 Form 10-K and refer to the form for its complete contents.  Deny the remaining allegations in Paragraph 55.

56.    Admit the allegations in the first sentence of Paragraph 56.  Admit that Sharecare stopped providing patient advocacy services to Carelon in October 2023. Deny the remaining allegations in Paragraph 56.

57.    Deny the allegations in Paragraph 57.

58.    Deny that Defendants admitted on Sharecare's March 28, 2024 earnings call that Sharecare's problems with Anthem were longstanding.    Without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 58 appears, with the exception of the emphasis, bracketed text, and hyphen in the word "non-performing," in a transcript of Sharecare's March 28, 2024 earnings call as attributable to Brent Davis Layton.  Deny the allegations in Paragraph 58 to the extent that they mischaracterize, misquote, or are contradicted by Brent Davis Layton and refer to a transcript of the call for its complete contents.

59.    Without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 59 appears, with the exception of the emphasis, in a transcript of Sharecare's March 28, 2024 earnings call as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in Paragraph 59 to the extent that they

mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.

60.    Without admitting the accuracy of Canaccord Genuity's reporting, admit that the quoted language in Paragraph 60 appears, with the exception of the bracketed text and the emphasis, in a March 31, 2024 Canaccord Genuity analyst report.  Deny the allegations in Paragraph 60 to the extent that they mischaracterize, misquote, or are contradicted by the March 31, 2024 Canaccord Genuity report and refer to that report for its complete contents.  Deny the remaining allegations in Paragraph 60.

61.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the remaining allegations in Paragraph 61 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 61.   To the extent that a response to these allegations is required, deny the allegations in Paragraph 61.

62.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 62 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the

allegations in Paragraph 62. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the transcript of Sharecare's March 29, 2023 earnings call reflects that Sharecare stated that it has "built projections for the Enterprise channel based solely on the business currently under contract" and that it "actually added an additional health plan in Q1 with [Carelon]. And so we see that, that relationship only expanding." Deny the allegations in Paragraph 62 to the extent that they mischaracterize, misquote, or are contradicted by Sharecare's statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations of Paragraph 62.

63. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 63 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 63. To the extent that a response to these allegations is required, then to the extent that the allegations in Paragraph 63 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.

64.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 64 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 64.  To the extent that a response to these allegations is required, then to the extent that the allegations in Paragraph 64 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.  Deny the remaining allegations in Paragraph 64.

65.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in the first, second, fourth, fifth, and sixth sentences of Paragraph 65 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in the first, second, fourth, fifth, and sixth sentences of Paragraph 65.  To the extent that a response to these allegations is required, admit that Rajeev Ronanki served on Sharecare's Board of Directors since 2021.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, fourth, fifth, and sixth sentences of

Paragraph 65 concerning Anthem's conduct.  To the extent that the allegations in Paragraph 65 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.

66.    Deny the allegations in the first sentence of Paragraph 66.  Admit that the quoted language in the footnote to the second sentence of Paragraph 66 appears in Sharecare's 2023 Proxy Statement.  Deny the allegations in the second sentence of Paragraph 66, including the footnote to the second sentence of Paragraph 66, to the extent that they mischaracterize, misquote, or are contradicted by the 2023 Proxy Statement and refer to the 2023 Proxy Statement for its complete contents.  Deny the remainder of the allegations in the second sentence of Paragraph 66.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fifth sentences of Paragraph 66 and therefore deny the same.  Admit that Anthem did not make payments under the Carelon Agreement in Q2 2023 or Q3 2023, but further state that in light of the parties' ongoing discussions, Sharecare believed such payments would resume.  Deny the remainder of the allegations in Paragraph 66.

67.    To the extent that the allegations in Paragraph 67 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.  Deny the allegations in the second sentence of Paragraph 67.

68.    To the extent that the allegations in Paragraph 68 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.  Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the remaining allegations in Paragraph 68 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the remaining allegations in Paragraph 68.  To the extent that a response to these allegations is required, admit that the quoted language in the second and third sentences of Paragraph 68 appears in Sharecare's 2023 Form 10-K.  Deny the allegations in the second and third sentences of Paragraph 68 to the extent that they mischaracterize, misquote, or are contradicted by the 2023 Form 10-K and refer to the form for its complete contents.  Deny the remaining allegations in Paragraph 68.

69.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 69 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.    As such, Defendants are not required to admit or deny the allegations in Paragraph 69.    To the extent that a response to these allegations is required, admit that the quoted language in the first sentence of Paragraph 69 appears in Sharecare's 2023 Form 10-K, but deny that Anthem cancelled the contract as of the middle of 2023.    Deny the allegations in the first sentence of Paragraph 69 quoting from the 2023 Form 10-K to the extent that they mischaracterize, misquote, or are contradicted by the 2023 Form 10-K and refer to the form for its complete contents.    Deny the allegations in the second, fourth, and fifth sentences of Paragraph 69.    Admit the allegations in the third sentence of Paragraph 69.    To the extent that the allegations in Paragraph 69 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.

70.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 70 are legally deficient, and Plaintiffs may not pursue claims based on

such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 70.   To the extent that a response to these allegations is required, then to the extent that the allegations in Paragraph 70 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.   Deny the allegations in the second and third sentences of Paragraph 70.

71.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 71 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 71.   To the extent that a response to these allegations is required, admit the allegations in the first sentence of Paragraph 71.   Admit that the quoted language in the second sentence of Paragraph 71 appears, with the exception of the emphasis, in Sharecare's 2022 Form 10-K.   Deny the allegations in the second sentence of Paragraph 71 to the extent that they mischaracterize, misquote, or are contradicted by the 2022 Form 10-K and refer to the form for its complete contents. Admit that Sharecare stated in its Q1 2023 Form 10-Q that "during the third quarter of 2022, we entered into a revenue contract with the Series A Preferred Stockholder

to provide patient advocacy services." Deny the allegations in the first footnote of the second sentence of Paragraph 71 to the extent that they mischaracterize, misquote, or are contradicted by the Q1 2023 Form 10-Q and refer to the form for its complete contents. Deny the remaining allegations in Paragraph 71.

72. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 72 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 72. To the extent that a response to these allegations is required, the allegations in Paragraph 72 concern the Generally Accepted Accounting Principles, which speak for themselves. Deny the allegations in Paragraph 72 to the extent that they mischaracterize, misquote, or are contradicted by the Generally Accepted Accounting Principles and refer to them for their complete contents. Deny the remaining allegations in Paragraph 72.

73. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 73 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 73. To the extent that a response to these allegations is

required, admit the allegations in the first sentence of Paragraph 73. The allegations in the second sentence of Paragraph 73 concern the Generally Accepted Accounting Principles, which speak for themselves. Deny the allegations in the second sentence of Paragraph 73 to the extent that they mischaracterize, misquote, or are contradicted by the Generally Accepted Accounting Principles and refer to them for their complete contents. Deny the remaining allegations in Paragraph 73.

74. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 74 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 74. To the extent that a response to these allegations is required, then to the extent that the allegations in Paragraph 74 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.

75. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 75 are legally deficient, and Plaintiffs may not pursue claims based on

such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 75.  To the extent that a response to these allegations is required, deny the allegations in the first and second sentences of Paragraph 75. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of Paragraph 75 and therefore deny the same.

76.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 76 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 76.  To the extent that a response to these allegations is required, then to the extent that the allegations in Paragraph 76 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of Paragraph 76 and therefore deny the same.

77.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 77 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 77.   To the extent that a response to these allegations is required, the allegations in Paragraph 77 concern certain financial information derived from Sharecare's SEC filings, and Defendants admit that the figures contained in the row labeled "Expenses from the Carelon Agreement" are contained in the filings.   Deny the allegations in Paragraph 77 to the extent that they mischaracterize, misquote, or are contradicted by Sharecare's SEC filings and refer to those filings for their complete contents, and deny that the SEC filings include any figures besides those contained in the row labeled "Expenses from the Carelon Agreement."  Deny the remaining allegations in Paragraph 77.

78.     Admit that neither Anthem nor Sharecare made payments under the Carelon Agreement in Q2 2023, but further state that in light of the parties' ongoing discussions, Sharecare believed such payments would resume.  To the extent that the allegations in Paragraph 63 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements

were made and, therefore, the allegations are denied. Deny the remaining allegations in Paragraph 78.

79.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 79 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 79. To the extent that a response to these allegations is required, the allegations in Paragraph 79 concern financial information derived from Sharecare's SEC filings. Deny the allegations in Paragraph 79 to the extent that they mischaracterize, misquote, or are contradicted by Sharecare's SEC filings and refer to those filings for their complete contents. To the extent that the allegations in Paragraph 79 refer to purported statements from a former Sharecare employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.

80.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 80 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the

allegations in Paragraph 80. To the extent that a response to these allegations is required, admit that Sharecare+ is a digital first, precision advocacy solution that provides expert support from professional advocates, seamlessly layered on top of Sharecare's flagship digital platform. Defendants further state that Sharecare issued a press release on November 10, 2022 announcing that it signed "a multi-year strategic agreement with Carelon" to "integrate" its "digital-first advocacy solution, Sharecare+, into their health guide services for hundreds of thousands of their members." Admit that Anthem employees, under an employee leasing agreement with Sharecare, fielded calls related to patient advocacy services provided under the Carelon Agreement, but further state that Sharecare supervised those Anthem employees and thus was involved in the advocacy services to some extent. Deny the remaining allegations in Paragraph 80.

81. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 81 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 81. To the extent that a response to these allegations is required, admit the allegations in the first sentence of Paragraph 81. The allegations in the second sentence of Paragraph 81 concern the contents of Sharecare's 2022

Form 10-K, Q1 2023 Form 10-Q, Q2 2023 Form 10-Q, and its Q3 2023 Form 10-Q, which speak for themselves. Deny the allegations in the second sentence of Paragraph 81 to the extent that they mischaracterize, misquote, or are contradicted by Sharecare's SEC filings and refer to those filings for their complete contents. Admit that the quoted language in the third and fourth sentences of Paragraph 81 appears, with the exception of the emphasis and the omission of the words "for amounts" between the words "customer" and "totaling," in Sharecare's 2022 Form 10-K. Deny the allegations in the third and fourth sentences of Paragraph 81 to the extent that they mischaracterize, misquote, or are contradicted by the 2022 Form 10-K and refer to the form for its complete contents. Deny the remaining allegations in Paragraph 81.

82.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 82 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 82. To the extent that a response to these allegations is required, deny the allegations in Paragraph 82.

83.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in

Paragraph 83 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 83.  To the extent that a response to these allegations is required, the allegations in Paragraph 83 concern certain financial information derived from Sharecare's SEC filings, and Defendants admit that the figures contained in the row labeled "Expenditures from Anthem Purchase Agreement" are contained in the filings, with the exception of the figures contained in the column labeled "Q4 2022."  Deny the allegations in Paragraph 83 to the extent that they mischaracterize, misquote, or are contradicted by Sharecare's SEC filings and refer to those filings for their complete contents, and deny that the SEC filings include any figures besides those contained in the row labeled "Expenditures from Anthem Purchase Agreements," with the exception of the figures contained in the column labeled "Q4 2022."  Deny the remaining allegations in Paragraph 83.

84.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 84 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 84.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 84.

85.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 85 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 85.   To the extent that a response to these allegations is required, admit that Defendants' statements about the Carelon Agreement's size and profitability were not false and that their statements regarding the agreements being separate and distinct were not false.   Deny the allegations in the third sentence of Paragraph 85.   Admit that the quoted language in the fourth sentence of Paragraph 85 appears, with the exception of the emphasis and the addition of a space between the "$" character and the following numerical figure, in Sharecare's 2023 10-K. Deny the allegations in the fourth sentence of Paragraph 85 to the extent that they mischaracterize, misquote, or are contradicted by the 2023 Form 10-K and refer to the form for its complete contents.   Deny the remaining allegations in Paragraph 85.

86.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 86 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 86.   To the extent that a response to these allegations is

51

required, deny the allegations in the first, second, and third sentences of Paragraph 86. The allegations in the fourth and fifth sentences of Paragraph 86 concern financial information derived from Sharecare's SEC filings. Deny the allegations in Paragraph 86 to the extent that they mischaracterize, misquote, or are contradicted by Sharecare's SEC filings and refer to those filings for their complete contents. Deny the remaining allegations in Paragraph 86.

87. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 87 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 87. To the extent that a response to these allegations is required, admit the allegations in the first sentence of Paragraph 87. Admit that Sharecare withdrew its 2022 revenue guidance during its August 10, 2022 earnings call. Deny the remaining allegations in the second sentence of Paragraph 87. Without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 87 appears in a transcript of Sharecare's August 10, 2022 earnings call. Admit that the quoted language in the second subparagraph of Paragraph 87 appears, with the exception of the emphasis, and with an alternative spelling of "Carelon," in a transcript of Sharecare's August 10, 2022

earnings call, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the first and second subparagraphs of Paragraph 87 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 87.

88.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 88 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 88.  To the extent that a response to these allegations is required, without admitting the accuracy of the transcription admit that the quoted language in the first subparagraph of Paragraph 88 appears, with the exception of the hyphen in "Carelon-Elevance," the question mark, and without certain contractions, and with an alternative spelling of "Carelon," in a transcript of Sharecare's August 10, 2022 earnings call.  Admit that the quoted language in the second subparagraph of Paragraph 88 appears, with the exception of the emphasis, certain contractions, and the phrase "all the conversations are," in a transcript of Sharecare's August 10, 2022 earnings call, which is not actionable under the Court's September 25, 2025 Order.   Deny the allegations in the first and second

subparagraphs of Paragraph 88 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 88.

89.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 89 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 89.  To the extent that a response to these allegations is required, without admitting the accuracy of the transcript, admit that the quoted language in the first subparagraph of Paragraph 89 appears, with the exception of the emphasis and certain contractions, in a transcript of Sharecare's August 10, 2022 earnings call.   Admit that the quoted language in the second subparagraph of Paragraph 89 appears, with the exception of the emphasis, certain contractions, and the bracketed text, in a transcript of Sharecare's August 10, 2022 earnings call, which is not actionable under the Court's September 25, 2025 Order.  Deny the allegations in the first and second subparagraphs of Paragraph 89 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 89.

90.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 90 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 90.   To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 90 appears in a transcript of Sharecare's August 10, 2022 earnings call.   Admit that the quoted language in the second, third, and fourth subparagraphs of Paragraph 90 appears, with the exception of certain contractions, in a transcript of Sharecare's August 10, 2022 earnings call, which is not actionable under the Court's September 25, 2025 Order.   Deny the allegations in the first, second, third, and fourth subparagraphs of Paragraph 90 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents.   Deny the remaining allegations in Paragraph 90.

91.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 91 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the

55

allegations in Paragraph 91.  To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in the second subparagraph of Paragraph 90 appears, with the exception of the ellipses, certain contractions, hyphens, and the "+" character, in a transcript of Sharecare's August 10, 2022 earnings call, which is not actionable under the Court's September 25, 2025 Order.  Deny the allegations in the second subparagraph of Paragraph 91 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 91.

92.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 92 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 92.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 92.

93.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 93 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the

allegations in Paragraph 93.  To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 93 appears, with the exception of the emphasis and the word "will," in a transcript of Sharecare's August 10, 2022 earnings call as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order.  Deny the allegations in Paragraph 93 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 93.

94.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 94 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 94.  To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 94 appears, with the exception of the emphasis, the phrase "I mean, it's," and with an alternative spelling of "Carelon," in a transcript of Sharecare's August 10, 2022 earnings call as attributable to Defendant Justin Ferrero, which is not actionable under the Court's September 25, 2025 Order.  Deny

57

the allegations in Paragraph 94 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Justin Ferrero's statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 94.

95. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 95 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 95. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 95 appears, with the exception of certain contractions, and with an alternative spelling of "Carelon," in a transcript of Sharecare's August 10, 2022 earnings call. Admit that the quoted language in the second and third subparagraphs of Paragraph 95 appears, with the exception of the emphasis, certain contractions, and with an alternative spelling of "Carelon," in a transcript of Sharecare's August 10, 2022 earnings call, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the first, second, and third subparagraphs of Paragraph 95 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a

transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 95.

96.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 96 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 96.  To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in the first sentence of Paragraph 96 appears in a transcript of Sharecare's August 10, 2022 earnings call as attributable to the Individual Defendants, which is not actionable under the Court's September 25, 2025 Order.  Deny the allegations in the first sentence of Paragraph 96 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Justin Ferrero or Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 96.

97.     Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 97 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the

allegations in Paragraph 97. To the extent that a response to these allegations is required, admit the allegations in Paragraph 97.

98. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 98 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 98. To the extent that a response to these allegations is required, admit that the quoted language in Paragraph 93 appears, with the exception of the emphasis and the addition of a space between the "$" character and the following numerical figure, in Sharecare's Q3 2022 Form 10-Q. Deny the allegations in Paragraph 98 to the extent that they mischaracterize, misquote, or are contradicted by the Q3 2022 Form 10-Q and refer to the form for its complete contents. Deny the remaining allegations in Paragraph 98.

99. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 99 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 99. To the extent that a response to these allegations is required, deny the allegations in Paragraph 99.

100.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 100 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 100.   To the extent that a response to these allegations is required, admit the allegations in Paragraph 100.

101.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 101 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 101.   To the extent that a response to these allegations is required, admit that the quoted language in Paragraph 101 appears, with the exception of the emphasis and ellipses, and with the addition of a space between the "$" character and the following numerical figure, in Sharecare's 2022 Form 10-K. Deny the allegations in Paragraph 101 to the extent that they mischaracterize, misquote, or are contradicted by the 2022 Form 10-K and refer to the form for its complete contents.   Deny the remaining allegations in Paragraph 101.

102.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in

Paragraph 102 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 102. To the extent that a response to these allegations is required, deny the allegation in Paragraph 102.

103.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 103 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 103. To the extent that a response to these allegations is required, admit the allegations in Paragraph 103.

104.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 104 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 104. To the extent that a response to these allegations is required, admit that the quoted language in Paragraph 104 appears, with the exception of the emphasis and ellipses, and with the addition of a space between the "$" character and the following numerical figure, in Sharecare's Q1 2023 Form 10-Q. Deny the allegations in Paragraph 104 to the extent that they mischaracterize,

misquote, or are contradicted by the Q1 2023 Form 10-Q and refer to the form for its complete contents.

105.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 105 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 105.   To the extent that a response to these allegations is required, deny the allegations in Paragraph 105.

106.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 106 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 106.   To the extent that a response to these allegations is required, admit the allegations in Paragraph 106.

107.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 107 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 107.   To the extent that a response to these allegations is

required, admit that the quoted language in Paragraph 107 appears, with the exception of the emphasis and ellipses, and with the addition of a space between the "$" character and the following numerical figure, in Sharecare's Q2 2023 Form 10-Q. Deny the allegations in Paragraph 107 to the extent that they mischaracterize, misquote, or are contradicted by the Q2 2023 Form 10-Q and refer to the form for its complete contents.

108. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 108 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 108. To the extent that a response to these allegations is required, deny the allegations in Paragraph 108.

109. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 109 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 109. To the extent that a response to these allegations is required, admit the allegations in Paragraph 109.

110.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 110 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.    As such, Defendants are not required to admit or deny the allegations in Paragraph 110.    To the extent that a response to these allegations is required, admit that the quoted language in Paragraph 110 appears, with the exception of the emphasis and ellipses, and with the addition of a space between the "$" character and the following numerical figure, in Sharecare's Q3 2023 Form 10-Q.    Deny the allegations in Paragraph 110 to the extent that they mischaracterize, misquote, or are contradicted by the Q3 2023 Form 10-Q and refer to the form for its complete contents.

111.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 111 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.    As such, Defendants are not required to admit or deny the allegations in Paragraph 111.    To the extent that a response to these allegations is required, deny the allegations in Paragraph 111.

112.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in

Paragraph 112 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 112. To the extent that a response to these allegations is required, admit the allegations in the first sentence of Paragraph 112. Without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 112 appears, with the exception of certain contractions, and with an alternative spelling of "Carelon" and "de-SPAC-ed," in a transcript of Sharecare's March 29, 2023 earnings call. Admit that the quoted language in the second, third, fourth, and fifth subparagraphs of Paragraph 112 appears, with the exception of the emphasis, the bracketed text, and with an alternative spelling of "Carelon," in a transcript of Sharecare's March 29, 2023 earnings call, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the first, second, third, fourth, and fifth subparagraphs of Paragraph 112 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents.

113. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 113 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the

allegations in Paragraph 113.  To the extent that a response to these allegations is required, deny that, as of March 29, 2023, Anthem stopped making payments on the DocAI contract.  Without admitting the accuracy of the transcription, admit that the quoted language in the second sentence of Paragraph 113 appears in Sharecare's March 29, 2023 earnings call as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order.  Deny the allegations in Paragraph 113 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 113.

114.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 114 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 114.  To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 114 appears, with the exception of certain contractions and with an alternative spelling of "Carelon," in a transcript of Sharecare's March 29, 2023 earnings call.  Admit that the quoted language in the second and third subparagraphs of Paragraph 114 appears, with the exception of the

em dash, with an alternative spelling of "Carelon," and with the word "debt" instead of "dip" before the phrase "going from Q4 to Q1," in a transcript of Sharecare's March 29, 2023 earnings call, which is not actionable under the Court's September 25, 2025 Order. Admit that the quoted language in the fourth and fifth subparagraphs of Paragraph 114 appears, with the exception of the emphasis and with an alternative spelling of "Carelon," in a transcript of Sharecare's March 29, 2023 earnings call, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the first, second, third, fourth, and fifth subparagraphs of Paragraph 114 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 114.

115. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 115 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 115. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 115 appears in a transcript of Sharecare's March 29, 2023 earnings call. Admit that the quoted language in the

second and third subparagraphs of Paragraph 115 appears, with the exception of the emphasis and with an alternative spelling of "Carelon," in a transcript of Sharecare's March 29, 2023 earnings call, which is not actionable under the Court's September 25, 2025 Order.  Admit that the quoted language in the fourth subparagraph of Paragraph 115 appears, with an alternative spelling of "Carelon," in a transcript of Sharecare's March 29, 2023 earnings call. Arnold, which is not actionable under the Court's September 25, 2025 Order.  Deny the allegations in the first, second, third, and fourth subparagraphs of Paragraph 115 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 115.

116.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 116 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 116.  To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 116, with the exception of the hyphen in "one-time," appears in a transcript of Sharecare's March 29, 2023 earnings call.   Admit that the quoted language in the second subparagraph of

Paragraph 116 appears in a transcript of Sharecare's March 29, 2023 earnings call, which is not actionable under the Court's September 25, 2025 Order. Admit that the quoted language in the third subparagraph of Paragraph 116 appears, with the phrase "that's why it reduced" instead of "the client reduces cost," in a transcript of Sharecare's March 29, 2023 earnings call, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the first, second, and third subparagraphs of Paragraph 116 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 116.

117. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 117 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 117. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 117, with the exception of certain contractions and with an alternative spelling of "Carelon," appears in a transcript of Sharecare's March 29, 2023 earnings call. Admit that the quoted language in the second, third, and fourth subparagraphs of Paragraph 117 appears and with an

alternative spelling of "Carelon," in a transcript of Sharecare's March 29, 2023 earnings call, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the first, second, third, and fourth subparagraphs of Paragraph 117 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 117.

118.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 118 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 118.   To the extent that a response to these allegations is required, deny the allegations in Paragraph 118.

119.   Admit the allegations in the first sentence of Paragraph 119.   Without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 119 appears, with the exception of the bracketed text and hyphen in "ex-Carelon," and with "live additions" instead of "lives additions," in a transcript of Sharecare's August 9, 2023 earnings call.   Admit that the quoted language in the second and third subparagraphs of Paragraph 119 appears, with the exception of the emphasis, in a transcript of Sharecare's August 9, 2023 earnings

call.  Deny the allegations in the first, second, and third subparagraphs of Paragraph 119 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 119.

120.   Admit that neither Anthem nor Sharecare made payments under the Carelon Agreement during Q2 2023 through the date of the referenced August 9, 2023 earnings call, but further state that in light of the parties' ongoing discussions, Sharecare believed such payments would resume.  Deny the remaining allegations in Paragraph 120.

121.   Admit the allegations in the first sentence of Paragraph 121.  Without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 121 appears, with "kind of Slide B" instead of "kind of a slight beat," in a transcript of the September 13, 2023 Morgan Stanley Global Healthcare Conference.  Admit that the quoted language in the second subparagraph of Paragraph 121 appears, with the exception of the emphasis, in a transcript of the conference.  Deny the allegations in the first and second subparagraphs of Paragraph 121 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the conference for its complete contents.  Deny the remaining allegations in Paragraph 121.

122.   Deny the allegations in the first and third sentences of Paragraph 122.
Deny that Anthem cancelled the DocAI Agreement.  Admit that Anthem did not pay
Sharecare under the Carelon Agreement during Q2 2023 through the date of the
referenced September 13, 2023 conference, but further state that in light of the
parties' ongoing discussions, Sharecare believed such payments would resume.
Without admitting the accuracy of the transcription, admit that the quoted language
in the fourth and fifth sentences of Paragraph 122 appears in a transcript of the
September 13, 2023 Morgan Stanley Global Healthcare Conference as attributable
Defendant Jeffrey T. Arnold.  Deny the allegations in the fourth and fifth sentences
of Paragraph 122 to the extent that they mischaracterize, misquote, or are
contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of
the conference for its complete contents.  With regard to the sixth sentence, as noted,
deny that Anthem cancelled the DocAI contract; admit that Sharecare maintained
that such attempted cancellation was not contractually permitted; admit that, as of
September 13, 2023,  Anthem was not making payments to Sharecare under the
Carelon Agreement, but further state that in light of the parties' ongoing discussions,
Sharecare believed such payments would resume; admit that as of September 13,
2023, Anthem was not making payments to Sharecare under the DocAI Agreement,
but further state that in light of the parties' ongoing discussions, Sharecare believed

such payments would resume.  Admit that as of September 13, 2023, Sharecare believed that Anthem's actions, as described herein, violated the respective Agreements, but further state that, in light of the parties' ongoing discussions, Sharecare believed the issues could be resolved.

123.    Without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 123 appears in a transcript of the September 13, 2023 Morgan Stanley Global Healthcare Conference.  Admit that the quoted language in the second subparagraph of Paragraph 123 appears, with the exception of the emphasis, in a transcript of the conference.  Deny the allegations in the first and second subparagraphs of Paragraph 123 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the conference for its complete contents.

124.    Admit that Anthem did not pay Sharecare under the Carelon Agreement during Q2 2023 through the date of the referenced September 13, 2023 conference, but further state that in light of the parties' ongoing discussions, Sharecare believed that such payments would resume.  Deny the allegations in the second sentence of Paragraph 124.  Without admitting the accuracy of the transcription, admit that the quoted language in the third sentence of Paragraph 124 appears in a transcript of the September 13, 2023 Morgan Stanley Global Healthcare Conference.  Deny the

allegations in the third sentence of Paragraph 124 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the conference for its complete contents. Deny the remaining allegations in Paragraph 124.

125. Without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 125 appears, with the exception of the emphasis, in a transcript of the September 13, 2023 Morgan Stanley Global Healthcare Conference. Admit that the quoted language in the second, third, and fourth subparagraphs of Paragraph 123 appears, with the exception of the emphasis, and with "I think of adding [ newer ones ]" instead of "Think about it—in year one," in a transcript of the conference. Deny the allegations in the first, second, third, and fourth subparagraphs of Paragraph 125 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the conference for its complete contents.

126. Admit that Anthem did not pay Sharecare under the Carelon Agreement during Q2 2023 through the date of the referenced September 13, 2023 conference, but further state that in light of the parties' ongoing discussions, Sharecare believed that such payments would resume. Deny the allegations in the second, fifth and sixth sentences of Paragraph 126. Without admitting the accuracy of the transcription,

75

admit that the quoted language in the third and seventh sentences of Paragraph 126 appears, with the exception of the bracketed text, in a transcript of the September 13, 2023 Morgan Stanley Global Healthcare Conference. Deny the allegations in the third and seventh sentences of Paragraph 126 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the conference for its complete contents. With regard to the fourth sentence, admit that as of September 13, 2023, Sharecare had recorded revenues from the Sharecare+ business and that neither Anthem nor Sharecare were paying each other under the Carelon Agreement at that time, but further state that in light of the parties' ongoing discussions, Sharecare believed such payments would resume. Deny the remaining allegations in Paragraph 126.

127. Admit the allegations in the first sentence of Paragraph 127. Without admitting the accuracy of the transcription, admit that the quoted language in the second sentence and the first subparagraph of Paragraph 127 appears in a transcript of Sharecare's November 9, 2023 earnings call. Admit that the quoted language in the second, third, and fourth subparagraphs of Paragraph 127 appears, with "There's a lot of ton packed on that one" instead of "There's a lot to unpack on that one," in a transcript of Sharecare's November 9, 2023 earnings call. Admit that the quoted language in the fifth subparagraph of Paragraph 127 appears, with the exception of

the emphasis, in a transcript of Sharecare's November 9, 2023 earnings call. Deny the allegations in the first, second, third, fourth, and fifth subparagraphs of Paragraph 127 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 127.

128. Without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 128 appears, with the exception of the bracketed text, and with "[ McCoy ]" instead of "[analyst]," in a transcript of Sharecare's November 9, 2023 earnings call. Without admitting the accuracy of the transcription, admit that the quoted language in the second, third, fourth, fifth, and sixth subparagraphs of Paragraph 128 appears, with the exception of the emphasis, and with "great reference sites for us" instead of "great references for us," in a transcript of Sharecare's November 9, 2023 earnings call. Deny the allegations in the first, second, third, fourth, fifth, and sixth subparagraphs of Paragraph 128 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents.

129. The first sentence of Paragraph 129 states a legal conclusion to which no response is required. To the extent a response is required, deny the allegations in the first sentence of Paragraph 129. Defendants further state that Sharecare stated

in its 2023 Form 10-K that "it became unfeasible for us to continue to deliver contracted services during the fourth quarter of 2023," that "[i]n October 2023, the Company ceased providing patient advocacy services," and that "it is uncertain as to whether or when the services might resume." Defendants further state that they believed that the parties were still negotiating regarding the Carelon Agreement. Deny the allegations in the third sentence of Paragraph 129. Without admitting the accuracy of the transcription, admit that the quoted language in the second, fourth, fifth, sixth, and seventh sentences of Paragraph 129 appears, with the exception of the bracketed text, in a transcript of Sharecare's November 9, 2023 earnings call. Deny the allegations in the second, fourth, fifth, sixth, and seventh sentences of Paragraph 129 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 129.

130. Admit that Sharecare filed its Q3 2023 10-Q on November 9, 2023. Admit the allegations in the second sentence of Paragraph 130.

131. Admit that the quoted language in Paragraph 131 appears, with the exception of the emphasis, in Sharecare's Q3 2023 Form 10-Q. Deny the allegations in Paragraph 131 to the extent that they mischaracterize, misquote, or are

contradicted by the Q3 2023 Form 10-Q and refer to the form for its complete contents. Deny the remaining allegations in Paragraph 131.

132. Admit that Sharecare stopped providing patient advocacy services to Carelon in October of 2023, but deny the remaining allegations in the first sentence of Paragraph 132. Defendants further state that Sharecare stated in its 2023 Form 10-K that "it became unfeasible for us to continue to deliver contracted services during the fourth quarter of 2023," that "[i]n October 2023, the Company ceased providing patient advocacy services," and that "it is uncertain as to whether or when the services might resume." Defendants further state that they believed that the parties were still negotiating regarding the Carelon Agreement. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in the second and third sentences of Paragraph 132 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in the second and third sentences of Paragraph 132. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in the second and third sentences of Paragraph 132 appears in a transcript of the August 10, 2022 earnings call as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the

Court's September 25, 2025 Order.  Deny the allegations in the second and third sentences of Paragraph 132 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to the transcript of the call for its complete contents.  Deny the allegations in the third, fourth, fifth, and sixth sentences of Paragraph 132.

133.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 133 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 133.  To the extent that a response to these allegations is required, admit that on March 29, 2023, Sharecare published a press release announcing its Q4 and FY 2022 financial results.  Admit the allegations in the second sentence of Paragraph 133.

134.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 134 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 134.  To the extent that a response to these allegations is required, Defendants state that Sharecare stated in its March 29, 2023 earnings call

that its "full year 2023 revenue guidance is $450 million to $460 million."  Deny the remaining allegations in Paragraph 134.

135.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 135 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 135.  To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the transcript of Sharecare's March 29, 2023 earnings call reflects that several analysts asked Sharecare questions concerning its revenues, and that Defendant Justin Ferrero stated that "over the course of this year, we are working with [Carelon] to deliver Sharecare+ at a lower PMPM reducing revenue but providing a higher-margin solution by leveraging Sharecare's digital capabilities," "there's a large client inside of that relationship that we're working on to tech enable," and "just to explain what we mean by tech-enable, is provide less services, physical services, high-touch services with more digital services, which for that particular client would reduce the PMPM," which are not actionable statements under the Court's September 25, 2025 Order.  Deny the allegations in the first and second sentences of Paragraph 135 to the extent that they mischaracterize, misquote, or are

contradicted by Defendant Justin Ferrero's statements and refer to the transcript of the call for its complete contents. Without admitting the accuracy of the transcription, admit that the quoted language in the third sentence of Paragraph 135 appears, with a different spelling of "Carelon," in a transcript of Sharecare's March 29, 2023 earnings call as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the third sentence of Paragraph 135 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 135.

136. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 136 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 136. To the extent that a response to these allegations is required, deny the allegations in the first sentence of Paragraph 136. Without admitting the accuracy of Morgan Stanley's reporting, admit that the quoted language in the subparagraph a. of Paragraph 136 appears in a March 30, 2023 Morgan Stanley analyst report. Deny the allegations in subparagraph a. of

Paragraph 136 to the extent that they mischaracterize, misquote, or are contradicted by the March 30, 2023 Morgan Stanley report and refer to that report for its complete contents. Without admitting the accuracy of Canaccord Genuity's reporting, admit that the quoted language in subparagraph b. of Paragraph 136 appears, with the exception of the emphasis, in a March 29, 2023 Canaccord Genuity analyst report. Deny the allegations in subparagraph b. of Paragraph 136 to the extent that they mischaracterize, misquote, or are contradicted by the March 29, 2023 Canaccord Genuity report and refer to that report for its complete contents. Without admitting the accuracy of BTIG's reporting, admit that the quoted language in subparagraph c. of Paragraph 136 appears in a March 29, 2023 BTIG analyst report. Deny the allegations in subparagraph c. of Paragraph 136 to the extent that they mischaracterize, misquote, or are contradicted by the March 29, 2023 BTIG report and refer to that report for its complete contents. Deny the remaining allegations in Paragraph 136.

137. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 137 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 137. To the extent that a response to these allegations is

required, without admitting the accuracy of the transcription, admit that the quoted language in the first subparagraph of Paragraph 137 appears in a transcript of Sharecare's March 29, 2023 earnings call. Admit the quoted language in the second and third subparagraphs of Paragraph 137 appears, with the exception of the emphasis, in a transcript of the earnings call, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the first, second, and third subparagraphs of Paragraph 137 to the extent that they mischaracterize, misquote, or are contradicted by the statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 137.

138.   Deny the allegations in the first sentence of Paragraph 138. Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in subparagraphs a. and b. of Paragraph 138 are legally deficient, and Plaintiffs may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in subparagraphs a. and b. of Paragraph 138. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, admit that the quoted language in subparagraph a. of Paragraph 138 appears in a transcript of Sharecare's March 29, 2023 earnings call as attributable to Defendant Justin Ferrero, which is not actionable under the Court's September 25,

2025 Order.  Deny the allegations in subparagraph a. of Paragraph 138 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Justin Ferrero's statements and refer to a transcript of the call for its complete contents. Deny the allegations in subparagraph b. of Paragraph 138.  Deny the remaining allegations in Paragraph 138.

139.    Admit that Sharecare's stock closed at a price of $2.13 on March 28, 2023, and that it closed at a price of $1.55 on March 29, 2023.  Admit that the difference in closing prices for Sharecare stock on March 28, 2023, and March 29, 2023, reflects a $0.58 (27.2%) decrease.   Deny the remaining allegations in Paragraph 139.

140.    Admit that on March 28, 2024, after the close of business, Sharecare held an earnings call to discuss Q4 2023 earnings.  Without admitting the accuracy of the transcription, admit that the transcript of Sharecare's March 28, 2024 earnings call reflects that Sharecare stated that it "reported fourth quarter revenue of $105.3 million" and "[d]ue to the disputed contracts with the client discussed earlier, there was a $14.2 million negative impact to what we had expected for Q4 revenue."  Deny the allegations in the first and second sentences of Paragraph 140 to the extent that they mischaracterize, misquote, or are contradicted by Sharecare's statements and refer to the transcript of the call for its complete contents.  Admit that the quoted

language in the third sentence of Paragraph 140 appears, with the exception of the bracketed text and with "impact to the P&L" instead of "impact on the P&L," in a transcript of Sharecare's March 28, 2024 earnings call as attributable to Defendant Justin Ferrero.  Deny the allegations in the third sentence of Paragraph 140 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Justin Ferrero's statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 140.

141.   Admit that Sharecare stated in its March 28, 2024 Form 8-K filing that "[t]here was a $14.2 million negative impact to revenue due to the elimination of nonperforming disputed contracts with a client in the fourth quarter of 2023" and that the "[a]djusted EBITDA of $3.0 million, which includes a $6.2 million negative impact to adjusted EBITDA from a non-cash contract asset impairment charge that was recorded as part of the $14.2 million impact to revenue discussed above."  Deny the allegations in Paragraph 141 to the extent that they mischaracterize, misquote, or are contradicted by the March 28, 2024 Form 8-K and refer to the form and Sharecare's other related SEC filings for their complete contents.   Deny the remaining allegations in Paragraph 141.

142.   Admit that Sharecare filed its 2023 Form 10-K on March 29, 2024. Admit that the quoted language in Paragraph 142 appears, with the exception of the

emphasis, in Sharecare's 2023 Form 10-K.  Deny the allegations in Paragraph 142 to the extent that they mischaracterize, misquote, or are contradicted by the 2023 Form 10-K and refer to the form for its complete contents.  Deny the remaining allegations in Paragraph 142.

143.    Admit that Sharecare's stock closed at a price of $0.77 on March 28, 2024, and that it closed at a price of $0.55 on April 1, 2024.  Admit that the difference in closing prices for Sharecare stock on March 28, 2024, and April 1, 2024, reflects a $0.22 decrease (an approximate 28% decrease).  Admit the allegations in the footnote in Paragraph 143.

144.    Without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 144 appears, with the exception of the emphasis and bracketed text, in the transcript of Sharecare's March 28, 2024 earnings call as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in Paragraph 144 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 144.

145.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in the first sentence of Paragraph 145 are legally deficient, and Plaintiffs may not

pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in the first sentence of Paragraph 145. To the extent that a response to these allegations is required, without admitting the accuracy of the transcription, Defendants state that the transcript of Sharecare's August 10, 2022 earnings call reflects that Sharecare stated that it "signed a memorandum of understanding for a multiyear strategic partnership with [Carelon]" and "[d]ue to the uncertainty and timing, we are withdrawing our previously issued guidance and will no longer be providing financial guidance for fiscal 2022," which is not an actionable statement under the Court's September 25, 2025 Order. Defendants further state that Sharecare stated in its August 10, 2022 Form 8-K filing that "[i]n light of a delayed start date for a large enterprise client, the initiation of the strategic review, changing macro-economic environment affecting life sciences, and certain cost initiatives being undertaken by the company, Sharecare is suspending financial guidance for 2022." Deny the allegations in the first sentence of Paragraph 145 to the extent that they mischaracterize, misquote, or are contradicted by Sharecare's statements or the August 10, 2022 Form 8-K filing and refer to the transcript of the call and the form for their complete contents. Deny the allegations in the second and third sentences of Paragraph 145.

146.    The allegations in Paragraph 146 state legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 146.

147.    Without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 147 appears, with the exception of the bracketed text and with an alternative spelling of "Carelon," in the transcript of Sharecare's August 10, 2022 earnings call as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in Paragraph 147 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 147.

148.    Deny the allegations in the first sentence of Paragraph 148.  Admit the allegations in the second sentence of Paragraph 148.  Admit that Rajeev Ronanki, who served as the Senior Vice President & Chief Digital Officer of Elevance Health from June 2018 until April 2023, served on Sharecare's Board of Directors beginning in 2021.  Deny the remaining allegations in Paragraph 148.

149.    Deny the allegations in the first sentence of Paragraph 149.  Without admitting the accuracy of the transcription, admit that the quoted language in Paragraph 149 appears in a transcript of Sharecare's August 10, 2022 earnings call as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in Paragraph

149 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 149.

150.   Deny the allegations in Paragraph 150.

151.   Deny the allegations in Paragraph 151.

152.   Deny the allegations in Paragraph 152.

153.   The allegations in Paragraph 153 state legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 153.

154.   Admit the allegations in Paragraph 154.

155.   Deny the allegations in Paragraph 155.

156.   Admit that Sharecare stated in its Q3 2023 Form 10-Q that "during the third quarter of 2022, we entered into a revenue contract with the Series A Preferred Stockholder to provide patient advocacy services," that "[r]evenues recognized related to these distinct services for the nine months ended September 30, 2023 and 2022 totaled $ 31.8 million and $ 5.7 million, respectively," and that revenue for the nine months ended September 30, 2023 was $339,975,000.  Admit that $31.8 million amounts to approximately 9.35% of $339,975,000.   Deny the allegations in

Paragraph 156 to the extent that they mischaracterize, misquote, or are contradicted by the Q3 2023 Form 10-Q and refer to the form for its complete contents.

157.   Admit that Sharecare stopped providing patient advocacy services to Carelon in October 2023.  Deny the remaining allegations in Paragraph 157.

158.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 158 and therefore deny the same.  Deny the allegations in the third sentence of Paragraph 158.  Without admitting the accuracy of the transcription, admit that the quoted language in the fourth sentence of Paragraph 158 appears in a transcript of Sharecare's August 10, 2022 earnings call as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in the fourth sentence of Paragraph 158 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents.  Deny the remaining allegations in Paragraph 158.

159.   Without admitting the accuracy of the transcription, admit that the quoted language in the first sentence of Paragraph 159 appears in a transcript of Sharecare's November 9, 2023 earnings call as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in the first sentence of Paragraph 159 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's

91

statements and refer to a transcript of the call for its complete contents.  Defendants further state that Sharecare stated in its 2023 Form 10-K that "it became unfeasible for us to continue to deliver contracted services during the fourth quarter of 2023," that "[i]n October 2023, the Company ceased providing patient advocacy services," and that "it is uncertain as to whether or when the services might resume." Defendants further state that they believed that the parties were still negotiating regarding the Carelon Agreement.  Deny the allegations in the second sentence of Paragraph 159.  Deny the remaining allegations in Paragraph 159.

160.   The allegations in subparagraphs a. and b. of Paragraph 160 concern the contents of a transcript of Sharecare's August 10, 2022 and March 29, 2023 earnings calls, respectively, which speak for themselves.  Deny the allegations in subparagraphs a. and b. of Paragraph 160 to the extent that they mischaracterize, misquote, or are contradicted by the transcript of the August 10, 2022 and March 29, 2023 earnings calls and refer to transcripts of each call for their complete contents. Deny the remaining allegations in Paragraph 160.

161.   The allegations in Paragraph 161 state legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 161.

162.   Without admitting the accuracy of the transcription, admit that the quoted language in the first sentence of Paragraph 162 appears, with the exception of the bracketed text, in a transcript the September 13, 2023 Morgan Stanley Global Healthcare Conference as attributable to Defendant Jeffrey T. Arnold.  Deny the allegations in the first sentence of Paragraph 162 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the conference for its complete contents.  The allegations in the second sentence of Paragraph 162 state legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, deny the allegations in the second sentence of Paragraph 162.  Deny the remaining allegations in Paragraph 162.

163.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 163 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 163.  To the extent that a response to these allegations is required, the allegations in Paragraph 163 state legal conclusions as to which no response is required.  To the extent that a response to these allegations is still required, Defendants refer to the SEC's Form 8-K and deny the allegations in

Paragraph 163 to the extent that they are inconsistent with Form 8-K's disclosure requirements.

164.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 164 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 164.   To the extent that a response to these allegations is required, the allegations in Paragraph 164 state legal conclusions as to which no response is required.   To the extent that a response to these allegations is still required, Defendants refer to Regulation S-K and 17 CFR § 229.601(a)(4) and deny the allegations in Paragraph 164 to the extent that they are inconsistent with Regulation S-K and 17 CFR § 229.601(a)(4).

165.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 165 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 165.   To the extent that a response to these allegations is required, the allegations in the first sentence of Paragraph 165 state legal conclusions as to which no response is required. To the extent that a response to these allegations

is still required, deny the allegations in the first sentence of Paragraph 165. Without admitting the accuracy of the transcription, admit that the quoted language in the second and third sentences of Paragraph 165 appears in a transcript of Sharecare's August 10, 2022 earnings call as attributable to Defendant Jeffrey T. Arnold, which is not actionable under the Court's September 25, 2025 Order. Deny the allegations in the second and third sentences of Paragraph 165 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Jeffrey T. Arnold's statements and refer to a transcript of the call for its complete contents. Deny the remaining allegations in Paragraph 165.

166.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 166 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 166. To the extent that a response to these allegations is required, the allegations in the first sentence of Paragraph 166 state legal conclusions as to which no response is required. To the extent that a response to these allegations is still required, deny the allegations in the first sentence of Paragraph 166. Deny the allegations in the second sentence of Paragraph 166.

167.  Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 167 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 167.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 167.

168.  Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 168 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 168.  To the extent that a response to these allegations is required, the allegations in Paragraph 168 state legal conclusions as to which no response is required. To the extent that a response to these allegations is still required, deny the allegations in Paragraph 168.

169.  Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 169 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 169.  To the extent that a response to these allegations is

required, the allegations in Paragraph 169 state legal conclusions as to which no response is required. To the extent that a response to these allegations is still required, deny the allegations in Paragraph 169.

170.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 170 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.   As such, Defendants are not required to admit or deny the allegations in Paragraph 170.   To the extent that a response to these allegations is required, Defendants refer to the Financial Accounting Standards Board's ASC 850-10-50-1 and deny the allegations in the first and second sentences of Paragraph 170 to the extent that they are inconsistent with ASC 850-10-50-1.   Admit that Sharecare stated in its Q3 2022 Form 10-Q that "Series A Preferred Stock is held by a customer that also has an employee serving on our Board of Directors." Deny the allegations in the third sentence of Paragraph 170 to the extent that they mischaracterize, misquote, or are contradicted by the Q3 2022 Form 10-Q and refer to the form and Sharecare's other related SEC filings for their complete contents. Deny the remaining allegations in Paragraph 170.

171.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in

Paragraph 171 are legally deficient, and Plaintiffs may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 171.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 171.

172.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning the class period being between August 10, 2022, and August 8, 2023 are legally deficient, and Plaintiffs may not pursue claims based on statements challenged during this period, or seek to represent stockholders who purchased or acquired their Sharecare stock between August 10, 2022 and August 8, 2023.  As such, Defendants are not required to admit or deny allegations concerning a class period inconsistent with the Court's Order.  Admit the proposed class period ranges from August 9, 2023, to March 28, 2024 in light of the Court's September 25, 2025 Order.  The allegations in Paragraph 172 are not asserted against Defendants and state legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 172.

173.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning the class period being between August 10, 2022, and August 8, 2023 are

legally deficient, and Plaintiffs may not pursue claims based on statements challenged during this period, or seek to represent stockholders who purchased or acquired their Sharecare stock between August 10, 2022 and August 8, 2023. As such, Defendants are not required to admit or deny allegations concerning a class period inconsistent with the Court's Order. Admit the proposed class period ranges from August 9, 2023, to March 28, 2024 in light of the Court's September 25, 2025 Order. The allegations in the first sentence of Paragraph 173 state a legal conclusion to which no response is required. To the extent that a response to these allegations is required, deny the allegations in the first sentence of Paragraph 173. Admit that, during the class period consistent with the Court's Order, Sharecare common stock was traded on the National Association of Securities Dealers Automated Quotations under ticker symbol "SHCR." Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 173 and therefore deny the same. Deny the remaining allegations in Paragraph 173.

174. The allegations in Paragraph 174 state legal conclusions as to which no response is required. To the extent that a response to these allegations is required, lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore deny the same.

175.  The allegations in Paragraph 175 state legal conclusions as to which no response is required. To the extent that a response to these allegations is required, lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore deny the same.

176.  The allegations in Paragraph 176 state legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 176.

177.  The allegations in the first sentence of Paragraph 177 state legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, deny the allegations in the first and second sentences of Paragraph 177.  Lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 177 and therefore deny the same.

178.  The allegations in the first sentence of Paragraph 178 state legal conclusions as to which no response is required.  To the extent that a response to these allegations is required, deny the allegations in Paragraph 178.  Admit that Sharecare stock were traded on the National Association of Securities Dealers Automated Quotations at all relevant times.  Admit that Sharecare periodically filed public reports with the SEC and the National Association of Securities Dealers

Automated Quotations. Admit that Sharecare communicated with investors through press releases and communications with the financial press. Deny the remaining allegations, including all subparts, in Paragraph 178.

179. Paragraph 179 contains legal conclusions as to which no response is required. To the extent that a response to these allegations is required, deny the allegations in Paragraph 179.

180. Paragraph 180 contains legal conclusions as to which no response is required. To the extent that a response to these allegations is required, deny the allegations in Paragraph 180.

181. In response to the allegations in Paragraph 181, Defendants repeat and reincorporate their responses set forth above as if fully set forth herein.

182. Defendants admit that Plaintiffs purport to bring this action under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5(b) promulgated thereunder by the SEC, but deny that these claims are valid.

183. Deny the allegations in Paragraph 183.

184. Deny the allegations in Paragraph 184.

185. Deny the allegations in Paragraph 185.

186. Deny the allegations in Paragraph 186.

187. Deny the allegations in Paragraph 187.

188.   Deny that any statements were fraudulent, but admit that the action was timely filed.

189.   In response to the allegations in Paragraph 189, Defendants repeat and reincorporate their responses set forth above as if fully set forth herein.

190.   Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning the class period being between August 10, 2022, and August 8, 2023 are legally deficient, and Plaintiffs may not pursue claims based on statements challenged during this period, or seek to represent stockholders who purchased or acquired their Sharecare stock between August 10, 2022 and August 8, 2023.   As such, Defendants are not required to admit or deny allegations concerning a class period inconsistent with the Court's Order.   Admit the proposed class period ranges from August 9, 2023, to March 28, 2024 in light of the Court's September 25, 2025 Order.   Admit that Defendants Jeffrey T. Arnold and Justin Ferrero participated in the operation and management of Sharecare and participated in its business affairs. Deny the allegations in the second sentence of Paragraph 190.

191.   The allegations in Paragraph 191 state legal conclusions as to which no response is required.   To the extent that a response to these allegations is required, deny the allegations in Paragraph 191.

192.    Consistent with the Court's September 25, 2025 Order, ECF 54, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning the class period being between August 10, 2022, and August 8, 2023 are legally deficient, and Plaintiffs may not pursue claims based on statements challenged during this period, or seek to represent stockholders who purchased or acquired their Sharecare stock between August 10, 2022 and August 8, 2023.  As such, Defendants are not required to admit or deny allegations concerning a class period inconsistent with the Court's Order.  Admit the proposed class period ranges from August 9, 2023, to March 28, 2024 in light of the Court's September 25, 2025 Order.  The allegations in the first sentence of Paragraph 192 state legal conclusions as to which no response is required.  To the extent that a response is required, deny the allegations in the first sentence of Paragraph 192.  Deny the allegations in the second, third, and fourth sentences of Paragraph 192.

193.    Deny the allegations in Paragraph 193.

## **PRAYER FOR RELIEF AND JURY DEMAND**

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief and/or Jury Demand, and deny any remaining allegations in these or any other portions of the AC to the extent not expressly admitted or otherwise addressed herein.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants plead the following defenses:

### **First Defense**

Without admitting that Plaintiffs suffered damages, or that Defendants are liable for any such damages, Defendants assert that any liability is limited by 15 U.S.C. § 78u-4(e) & (f) and under principles of equitable allocation, recoupment, set-off, proportionate liability, comparative fault, and failure to mitigate.

### **Second Defense**

Plaintiffs' claim under Section 20(a) of the Exchange Act fails because the Individual Defendants acted with good faith and did not directly or indirectly induce any act or acts constituting a direct or primary violation of the Securities Exchange Act of 1934 or the rules or regulations thereunder.

### **Third Defense**

Every act or omission alleged in the AC was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

**Fourth Defense**

Neither Plaintiffs nor any purported class member can establish the prerequisites for certifying a class or maintaining this action as a class action.

**Fifth Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs assumed the risks of which they complain in this action.

**Sixth Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs ratified, consented to, and/or acquiesced in the wrongful acts and omissions alleged in the AC.

**Seventh Defense**

Plaintiffs' claims are barred, in whole or in part to the extent applicable, by waiver, release, and discharge.

**Eighth Defense**

Plaintiffs' claims are barred to the extent they are untimely under the applicable statute of limitations and/or doctrine of laches.

**Ninth Defense**

Defendants are not liable for alleged misstatements and omissions protected by the safe harbor provision of Section 10(b) of the Exchange Act and the rules promulgated thereunder and/or the "bespeaks caution" doctrine.

### Tenth Defense

Defendants are not liable under the "truth-on-the-market" doctrine because the truth concerning any alleged misstatement or omission of material fact by Defendants was at all relevant times publicly available to the market through credible sources.

### Reservation of Rights to Assert Additional Defenses

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Defendants having fully answered Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws, pray:

(a)     that the AC be dismissed with prejudice;

(b)     that judgment be entered in Defendants' favor;

(c) that all costs of this action be taxed against Plaintiff; and

(d) for such other and further relief as the Court deems proper.

Respectfully submitted, this 6th day of November, 2025.

_/s/ Jessica P. Corley_
Jessica P. Corley
Ga. Bar No. 572733
B. Warren Pope
Ga. Bar No. 583723
Brandon R. Keel
Ga. Bar No. 300303
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100
jpcorley@kslaw.com
wpope@kslaw.com
bkeel@kslaw.com

_Counsel for Defendants_

107

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2025, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to all attorneys of record.

/s/ Jessica P. Corley
Jessica P. Corley
Ga. Bar No. 572733

*Counsel for Defendants*