## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| VICTOR BUQUERAS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SHARECARE, INC., JEFFREY T. ARNOLD, and JUSTIN FERRERO,<br><br>    Defendants. | **CASE No. 1:24-cv-02769-LMM**<br><br><u>**CLASS ACTION**</u> |

## <u>STIPULATED PROTECTIVE ORDER</u>

Lead Plaintiff Victor Buqueras and named plaintiff John Dehmer (collectively, "Plaintiffs") and Defendants Sharecare, Inc. ("Sharecare" or the "Company"), Jeffrey T. Arnold, and Justin Ferrero (collectively with Sharecare, "Defendants", and together with Plaintiffs, the "Parties" and each a "Party"), by and through their respective undersigned counsel, hereby stipulate and agree to the following Stipulated Protective Order ("Stipulated Protective Order" or "Order").

## I.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential information, proprietary information, trade secret or other commercially

sensitive information, individual personal information that is protected from disclosure under state or federal law (including identifying personal financial information), or private information, all of which may warrant special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under this Order.

## II.   DEFINITIONS

A.   **"Action"** means the above-captioned litigation.

B.   **"Personally Identifiable Information" or "PII",** for purposes of this Order, includes, but is not limited to payment card numbers, financial account numbers, social security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers. The Parties recognize that other personal data (*e.g.,* name, citizenship, birth date, spousal and familial

information), particularly in combination with other information, may reveal sensitive PII and, for purposes of this Order, PII also includes such data when in combination with other information.

C.     **"Protected Health Information" or "PHI",** for purposes of this Order means all individually identifiable health information, including demographic data, medical histories, test results, insurance information, and other information used to identify a patient or provide healthcare services or healthcare coverage.

D.     **"CONFIDENTIAL Information"** means information that a Designating Party or Producing Party contends in good faith constitutes or discloses PII, PHI, or any other information that qualifies for protection pursuant to Fed. R. Civ. P. 26(c).

E.     "**CONFIDENTIAL-FOR     ATTORNEYS'     EYES     ONLY Information"** means information that a Designating Party or Producing Party contends in good faith is extremely sensitive "Confidential Information," disclosure of which to another Party, third party, or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

F.     **"Privileged Material"** means any document or information that is, or that the Producing Party or Designating Party asserts is, protected from disclosure

by a privilege or other immunity from discovery, including, without limitation, the attorney-client privilege or the work product doctrine.

G.    **"Protected Material"** means any document or information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order. Documents that quote, summarize, or contain CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY Information (*e.g.,* discovery responses, transcripts, and court filings) may be accorded status as Protected Material, but, to the extent reasonably feasible, shall be prepared in such a manner that the CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY Information is provided separately from that not entitled to protection.

H.    **"Producing Party"** means the Party or third party that produced the Protected Material.

I.    **"Receiving Party"** means the Party or third party that received the Protected Material.

J.    **"Designating Party"** means the Party or third party that designates the Protected Material as such pursuant to this Order.

K.    **"Outside Counsel"** means attorneys who are not employees of a party to this action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

## III.    DESIGNATING PROTECTED MATERIAL

A.    CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY designations shall be made in good faith. Protected Material should be designated by the Producing or other Designating Party by affixing a "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" legend or stamp on such document, information, or material.

B.    The Producing or other Designating Party should designate for protection only those parts of material, documents, items, or communications that qualify such that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Any designation of Protected Material may be withdrawn by the Producing or other Designating Party.

C.    Third parties producing documents in this Action may designate documents as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY subject to the same protections, obligations, and constraints as the

parties to the action. A copy of this Stipulated Protective Order shall be served along with any subpoena or document request served on third parties in connection with this Action. All documents produced by such third parties shall be treated as CONFIDENTIAL for a period of 30 days from the date of their receipt, and during that period any Party or the third party may designate such documents as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY pursuant to the terms of this Stipulated Protective Order.

D.    A failure to designate Protected Material does not waive the Producing or other Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon a Producing or other Designating Party's making or amending of a designation as to previously produced material, the Receiving Party must make all reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order. Any Producing or other Designating Party that previously produced Protected Material without designating it as Protected Material may request destruction of that Protected Material by notifying the Receiving Party and providing replacement Protected Material that is properly designated. The Receiving Party shall, upon receipt of such replacement materials, destroy all copies of the previously produced Protected Material. In addition, the Receiving Party shall make reasonable efforts to assure that any documents,

information, or material derived from or based thereon is destroyed or treated in accordance with the provisions of this Order.

## IV.    SCOPE

A.    The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (i) any information copied or extracted from Protected Material; (ii) all copies, derivations, abstracts, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations or presentations by parties or their counsel that might reveal Protected Material.

B.    The protections conferred by this Stipulated Protective Order, however, do not cover the following information: (i) information that has been published to the general public; (ii) information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this Action and that the Receiving Party is not otherwise obligated to treat as confidential; (iii) information that the Receiving Party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iv) information which, after its disclosure to a Receiving Party, is published to the general public by a third party having the right to publish such information; (v) information that the Receiving Party can show by

written record was independently developed by it after the time of disclosure by personnel who did not have access to the Producing or other Designating Party's Protected Material; or (vi) information that was submitted to a governmental entity without request for confidential treatment.

C.    Any use of Protected Material at trial shall be governed by a separate agreement or order.

## V.    NON-DISCLOSURE OF PROTECTED MATERIAL

A.    Except pursuant to Court order or with the prior written consent of the Producing or other Designating Party, Protected Material designated as CONFIDENTIAL may be disclosed by a Receiving Party only to:

1.    The Parties, their officers, directors, employees, and in-house counsel only to the extent reasonably necessary to provide assistance with the Action;

2.    Outside Counsel for the Parties in the Action, and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees who are working at the direction of such counsel but only to the extent reasonably necessary to render professional services in the Action;

3. Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions, and any other judicial proceedings held in the Action;

4. Persons shown on the face of the document, or through other documentary or testimonial evidence, to have authored or received it;

5. Witnesses during depositions and trial who have signed the Acknowledgment of Confidentiality Designations and Agreement To Be Bound by Terms of Court Order attached as Exhibit A (the "Acknowledgement");

6. Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify, who have signed the Acknowledgment;

7. Consultants or experts retained for the purpose of assisting Outside Counsel in the Action who are not current employees of a competitor of a Party and have not, at the time of retention, agreed to become an employee of a competitor of a Party; provided, however, that prior to being given access to Protected

Material, the consultant or expert must execute the Acknowledgement;

8.    Third-party providers of document reproduction, electronic discovery, or other litigation support services retained specifically for the Action and who have previously executed the Acknowledgment;

9.    Any mediator engaged by the named Parties to the Action who has executed the Acknowledgment; and

10.   Any insurer who may be liable to satisfy part or all of any judgment that may be entered in the Action, or to indemnify or reimburse for payments made to satisfy a judgment.

B.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" only to:

1.    Outside Counsel for the Parties in the Action, and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees who are working at the direction of such counsel but only to the extent reasonably necessary to render professional services in the Action;

2. Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions, and any other judicial proceedings held in the Action;

3. Persons shown on the face of the document, or through other documentary or testimonial evidence, to have authored or received it;

4. Witnesses during depositions and trial who have signed the Acknowledgment;

5. Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify, who have signed the Acknowledgment;

6. Consultants or experts retained for the purpose of assisting Outside Counsel in the Action who are not current employees of a Party or a competitor of a Party and have not, at the time of retention, agreed to become an employee of a Party or a competitor of a Party; provided, however, that prior to being given access to Protected Material, the consultant or expert must execute the Acknowledgement;

7.    Third-party providers of document reproduction, electronic discovery, or other litigation support services retained specifically for the Action and who have previously executed the Acknowledgment; and

8.    Any mediator engaged by the named Parties to the Action who has executed the Acknowledgment;

C.    Counsel providing CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY Information to any person in accordance with paragraphs (A)(5)-(A)(10) or (B)(4)-(B)(8) shall be responsible for obtaining, prior to disclosure and as a condition thereof, an Acknowledgment executed by the person to whom counsel discloses the Protected Material. Each non-party witness to whom Protected Material is disclosed shall be advised that the Court has entered a Protective Order to limit disclosure of Protected Material, be provided a copy of the Protective Order, and must sign the Acknowledgement prior to receiving access to Protected Material.

D.    If: (a) a Party seeking deposition testimony from a deponent, other than the deposition of a Party or a current employee of a Party, provides notice to all Parties no less than sixty (60) calendar days prior to the date of such deposition; and (b) the deponent indicates that it will not sign Exhibit A or has not signed Exhibit A

within two weeks before the deposition is scheduled to begin after notice of the deposition is provided to the Designating Party; then, the Designating Party shall promptly file motion(s) for an appropriate protective order protecting the confidentiality of Protected Material designated CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY.  No Protected Material shall be disclosed to such witness during the pendency of such motion but, at any time during the pendency of such motion(s), the Party seeking the deposition may present the Designating Party with a list of documents and information such Party seeks to present to the deponent, in which case the Designating Party shall within five (5) business days of such notice either agree to de-designate such documents and information or explain in writing why it believes such documents or information are appropriately designated as CONFIDENTIAL OR CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY.

E.      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Receiving Parties shall exercise at least the same degree of care in the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable confidentiality and sensitivity but in no event less than a reasonable degree of care. Receiving Parties

must take reasonable precautions to protect Protected Material from loss, misuse, and unauthorized access, disclosure, alteration, and destruction, including but not limited to:

1. Protected Material in electronic form shall be maintained in a Secure litigation support site that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Protected Material under this Order;

2. A list of current and former authorized users of the Receiving Party's litigation support site shall be maintained while this litigation, including any appeal, is pending;

3. Protected Material downloaded from the litigation support site in electronic format shall be stored or shipped only on devices or media (e.g., laptop, tablet, smartphone, USB drive) that are encrypted with access limited to persons entitled to access Protected Material under this Order;

4. Protected Material in paper format shall be maintained in the Receiving Party's counsel's law offices or comparably secure

location, with access limited to persons entitled to access Protected Material under this Protective Order;

5. Electronic delivery of Protected Material shall be by encrypted Secure File Transfer Protocol or encrypted email addressed only to persons entitled to access Protected Material under this Order;

6. Physical shipments of Protected Material shall be by courier and securely sealed and addressed only to persons entitled to access Protected Material under this Order; and

7. If a data breach that including Protected Material occurs or a Receiving Party reasonably believes such a breach may have occurred, the Receiving Party shall immediately report such incident to the Producing or other Designating Party, describe the Protected Material accessed, and use best efforts to return to the Producing or other Designating Party the Protected Material accessed. The Receiving Party shall also immediately take such actions the Producing or other Designating Party requests in good faith to remediate the breach, to preclude further breaches, and take such actions that are required by applicable laws, including privacy laws. In no event is a Producing or other

Designating Party ceding notification or remedial rights in the event of a breach.

F.      Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Order to the same extent as the Protected Material itself.

G.      Nothing in this Order shall limit a Producing or other Designating Party's use of its own CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY Information.

## VI.    DE-DESIGNATION AND CHALLENGING OF PROTECTED MATERIAL

A.      Any Party may request a change in the designation of any information designated as Protected Material. Any Protected Material shall be treated as designated until a change is completed. If the requested change in designation is not agreed to, the Party asserting that the material is properly designated shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order.

B.      Any Party or non-party may challenge a Protected Material designation at any time.

C.      The Party challenging a confidentiality designation shall identify each challenged document by Bates number and set forth the specific reasons why it does not believe the confidentiality designation is appropriate.

D.      Unless otherwise agreed, counsel for each Party shall meet and confer in an attempt to resolve the challenge or limit the scope of any issues requiring resolution by the Court. Consistent with the Court's Standing Order Case Regarding Civil Litigation, in the event the Parties cannot reach an agreement concerning a confidentiality designation, the Parties may proceed to arrange a telephone conference with the Court to seek a determination whether the disputed items should retain their confidentiality designation.

## VII.   PROTECTED MATERIAL IN DEPOSITIONS

A.      Parties and deponents may designate deposition transcripts and exhibits thereto as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY by (i) stating such on the record during the deposition; or (ii) in writing to the opposing Parties within fourteen (14) days after receiving the deposition transcript from the court reporter.

B.      Documents marked as deposition exhibits that have been previously designated for protection under this Order do not need to be re-designated in order to maintain their designation.

C.      Upon a deposition transcript being designated as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY, the court reporter shall thereafter mark each page in all copies of the transcript with the relevant legend, and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order" or "Certain Designated Pages of this Deposition are Confidential-for Attorneys' Eyes only and subject to a Protective Order"

D.      Until expiration of the 14-day period, the entire deposition transcript will be treated as CONFIDENTIAL pursuant to this Protective Order.

## VIII. SUBPOENAS OR LEGAL PROCESS CALLING FOR DISCLOSURE OF PROTECTED MATERIAL

A.      If a Party receives a subpoena or other legal process which calls for disclosure of any material designated as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY by another Party or non-party, then the Party from whom disclosure is sought shall by the third business day after receipt thereof, or the earliest practicable date thereafter, (i) give written notice by hand delivery, e-mail, or facsimile of such process or discovery request together with a copy thereof, to counsel for the Producing or other Designating Party; (ii) cooperate to the extent necessary to permit the Producing or other Designating Party to seek to quash such process or discovery request; and (iii) not make production or

disclosure of such Protected Material until the Producing or other Designating Party consents in writing to production or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose such Information, so long as the order is not stayed prior to the date set for production or disclosure.

## IX.    FILING AND USE OF PROTECTED MATERIAL FOR PRETRIAL PURPOSES

A.    Any documents (including briefs), tangible things, or information designated as CONFIDENTIAL that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

B.    Any document, material, or other information designated as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY under this Order that is filed with the Court shall be filed as "PROVISIONALLY SEALED" in accordance with the process set out in Section II(J) of Appendix H to the Local Rules for the Northern District of Georgia.

C.    If a filing designated as "PROVISIONALLY SEALED" is submitted to the Court in support of a pleading, the filing Party shall promptly serve the document containing the information designated as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY on counsel for the opposing

Parties and any other Designating Party. These documents shall be subject to the restrictions on Protected Material under this Order, as applicable. The Producing or other Designating Party shall thereafter have fourteen (14) days to file a motion for leave to file under seal in accordance with the process set out in Section II(J) of Appendix H to the Local Rules for the Northern District of Georgia. The time period for this motion may be extended by leave of Court. Once a motion has been filed for continued protection, the filing shall retain its Provisionally Sealed status until the Court rules on the motion. If the Producing or other Designating Party does not timely file such a motion for continued protection as set out above, such party will be deemed to have waived its confidentiality designations for the Protected Material contained in the filed document, and the Provisionally Sealed status will be removed and the document will be available to the public. In the event the Court grants the motion for leave to file under seal, such documents shall remain subject to the restrictions applicable to Protected Material under this Order, as applicable.

D.      The Parties are instructed to use their best efforts to limit the filing of Protected Material under seal to those situations where such filing is necessary to the resolution of a motion or other matter before the Court. Filing Protected Material under seal imposes a burden on the Court and should be avoided wherever reasonably possible.

E.    A Party who seeks to introduce Protected Material at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is designated as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY under this Order. In light of the burden that the introduction of designated material imposes upon the Court, the Parties are instructed to use their best efforts to limit the introduction of such material and the continued designation of such material as Protected Material in the event its introduction is necessary. If the Party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection. Unless the Court denies the request to seal, any materials entitled to protection from disclosure under this Order shall maintain their Provisionally Sealed status, be viewable only by Court personnel and Appointed Counsel for the Parties, and remain subject to the restrictions on Protected Material under this Order, as applicable.

## X.    PROPER USE OF PROTECTED MATERIAL

A.    Persons obtaining access to Protected Material pursuant to this Protective Order shall use the information in connection with this Action only, including appeals and retrials, and shall not use such information for any other

purpose, including business, governmental, commercial, or administrative or judicial proceedings, unless otherwise required by applicable law.

## XI.    NON-TERMINATION

A.    The provisions of this Protective Order shall not terminate at the conclusion of this Action.

B.    Upon written request, within 90 days after final disposition of this or any related litigation, Protected Material and all copies of same (other than exhibits of record) shall be returned to the Producing Party or other Designating Party or destroyed. Final disposition, for purposes of this Order, is the later of: (l) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

C.    Notwithstanding the foregoing, counsel for all Parties may keep one copy of any transcripts, pleadings and exhibits and shall maintain them in confidence. Upon written request, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing or other Designating Party not more than 60 days after final termination of this and all related litigation.

## XII.   NON-WAIVER OF PRIVILEGES

A.   This Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of Discovery Material in this Action. Any Party or Non-Party that complies with this Order will be deemed to have taken reasonable steps to rectify disclosures of Privileged Material. Each Party or Non-Party is entitled to decide the appropriate degree of care to exercise in reviewing materials for Privileged Material, taking into account the volume and sensitivity of the materials, the demands of the Action, and the resources that the Party or Non-Party can make available.

B.   Except as otherwise provided herein, irrespective of the care that is actually exercised in reviewing materials for Privileged Material, pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with this Action, a Party or Non-Party (the "Disclosing Party") discloses Privileged Material, the disclosure of the Privileged Material, whether inadvertent or otherwise, shall not constitute or be deemed, either in this Action or any other action, investigation or proceeding, a waiver or forfeiture of any claim of any privilege or protection, including without limitation the attorney-client privilege, the work product doctrine or the deliberative process privilege, that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter. Any disclosure shall also

not be deemed a waiver or forfeiture as to any other document or communication, whether concerning the same subject matter or a different subject matter. The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of disclosure in this Action, regardless of the procedures used to identify Privileged Material prior to production.

C.    If a Disclosing Party determines that it has produced Privileged Material, the Disclosing Party shall provide written notice to all counsel of record and identifying the Privileged Material (by date of production and production number or range, if applicable) ("Disclosure Notice").

D.    Any Party or Non-Party that receives a Disclosure Notice must: (a) immediately cease reviewing and using the Privileged Material; and (b) within fourteen (14) calendar days of receipt of the Disclosure Notice: (i) return, sequester, or destroy all copies of the Privileged Material; (ii) upon request of the Disclosing Party, provide to the Disclosing Party a certification of counsel that all of the Privileged Material has been returned, sequestered or destroyed; and (iii) notify any Party or Non-Party to whom the Receiving Party has provided the Privileged Material that he, she, or it must comply with the obligations set forth in this Section, including, upon request of the Disclosing Party, to provide to the Disclosing Party a

certification of counsel that all of the Privileged Material has been returned, sequestered or destroyed. [1]

E.    If a Party identifies Discovery Material that appears on its face to be Privileged Material belonging to another Party or Non-Party, the identifying Party is under a good-faith obligation to notify the Disclosing Party. Such notification shall not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified Privileged Material. If the Party or Non-Party to which the Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or Non-Party shall provide a Disclosure Notice within fourteen (14) calendar days of receiving such notification. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the Disclosing Party that such Privileged Material has been produced.

F.    A Party wishing to contest a claim of privilege or protection of this Order (the "Contesting Party") shall, within fourteen (14) calendar days of receipt of the Disclosure Notice, provide written notice to the Disclosing Party of each such

---

[1]    Copies of Disclosed Privileged Material that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data is restored, the Receiving Party must take steps to re-sequester the restored Disclosed Privileged Material.

claim it is contesting (the "Contestation Notice"). Any Contestation Notice shall expressly refer to this Section of this Order, and shall describe the basis for the contestation. The Disclosing Party shall, within fourteen (14) calendar days of receiving a Contestation Notice, respond in writing by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the Contesting Party continues to dispute the claim(s) at issue, it shall notify the Disclosing Party in writing within fourteen (14) calendar days thereafter. The Parties shall attempt to resolve each contestation in good faith by conferring directly. A Contesting Party may proceed to the next stage of the contestation process only if he, she, or it has engaged in this meet-and-confer process in a timely manner.

G.    If the relevant Parties or Non-Parties cannot resolve a contestation without Court intervention, the Contesting Party may move the Court for an order withdrawing the designation as to the specific claims on which the Contesting Party and the Disclosing Party could not agree ("Contestation Motion"). Such Contestation Motion must be filed under seal in accordance with the local rules. The Contesting Party must not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure of the Privileged Material in this Action.

H.      While a Contestation Motion is pending, all Parties and Non-Parties shall continue to follow the procedures described herein, and no Party or Non-Party shall use the Privileged Material for any other purpose nor disclose it to any person other than those required by law to be served with a copy of the sealed motion. Nothing herein shall limit the right of any Party or Non-Party to petition the Court for an *in camera* review of Privileged Material. Privileged Material may not be filed in the public record in this Action.

I.      If, during a deposition, a Party or Non-Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, that Party or Non-Party may at his, her or its sole election (a) allow the document to be used during the deposition without waiver of his, her, or its claim of privilege or protection; or (b) instruct the witness not to answer questions concerning the parts of the document containing Privileged Material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material. If the Party or Non-Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties and any Non-Parties shall sequester all copies of the purportedly privileged or protected document. Promptly following the deposition, the Parties and any Non-Parties will commence the procedure, including the notice

and log requirements to address the claim of privilege or other protection and any related disputes. Until any such disputes are resolved, all Parties and Non-Parties who have access to the transcript of such deposition shall treat the relevant portion of the transcript as Privileged Material. If any Party or Non-Party instructs the witness not to answer questions concerning the document on grounds of privilege, the Parties will cooperate in promptly following the procedures as applicable. The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Order.

## XIII.  MODIFICATION PERMITTED

A.    Any party for good cause shown may apply to the Court for modification of this Protective Order.

B.    This Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted,                    Dated:  February 17, 2026

/s/ Brandon R. Keel                         /s/ Jonathan Horne

Jessica P. Corley                           Laurence M. Rosen
B. Warren Pope                              Phillip Kim
Brandon R. Keel                             Jonathan Horne
KING & SPALDING LLP                         The Rosen Law Firm, P.A.
1180 Peachtree Street, N.E.                 275 Madison Avenue, 40th Floor
Atlanta, Georgia 30309                      New York, New York 10016
Tel: (404) 572-4600                         Tel: (212) 686-1060
Fax: (404) 572-5100                         Fax: (212) 202-3827
jpcorley@kslaw.com                          lrosen@rosenlegal.com
wpope@kslaw.com                             philkim@rosenlegal.com
bkeel@kslaw.com                             jhorne@rosenlegal.com

*Counsel for Defendants*                    *Lead Counsel for Lead Plaintiff and
                                            the Class*

**SO ORDERED.**

DATED: _____        _____
                              Hon. Leigh Martin May
                              U.S. District Judge

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| VICTOR BUQUERAS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SHARECARE, INC., JEFFREY T. ARNOLD, and JUSTIN FERRERO, <br><br> Defendants. | **CASE No. 1:24-cv-02769-LMM** <br><br> **CLASS ACTION** |

**ACKNOWLEDGMENT OF CONFIDENTIALITY DESIGNATIONS AND AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER**

I, _____, declare as follows:

I have read and understand the terms of the Stipulated Protective Order filed in the above-captioned action. I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or

30

use such documents except for the purposes of this action and pursuant to the terms of the Stipulated Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated "CONFIDENTIAL," or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" and all copies, excerpts, summaries, notes, digests, abstracts, and indices that contain "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" Information.

I submit myself to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing or otherwise providing relief relating to the Stipulated Protective Order.

Dated: _____

_____
Signature

_____
Printed Name